THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES B. LANGFORD, Defendant.

County Court, Schenectady County, October 7, 1954.

*Charles B. Langford,* defendant in person.

*Emmet J. Lynch, District Attorney (George W. Stroebel, Jr.,* of counsel), for plaintiff.

LIDDLE, J. Charles B. Langford petitions this court for an application for a writ of error *coram nobis* and a hearing thereupon which petitioner has verified August 30, 1954.

It appears that on November 23, 1943, petitioner was indicted for the crime of robbery in the first degree, and that the indictment was transferred from the Supreme Court to the Schenectady County Court and was moved for trial at the February, 1944, Term of the Schenectady County Court.

It further appears that on the 10th day of February, 1944, with the consent of the District Attorney, Honorable William M. Nicoll, and on motion of counsel for the defendant, Mathias P. Poersch, the crime of robbery in the first degree was reduced to robbery in the second degree. It further appears that on February 17, 1944, on motion of the District Attorney, the defendant's judgment and sentence was moved by the District Attorney before the court and Mathias P. Poersch, defendant's attorney appearing, together with the defendant, the court pronounced sentence and judgment as follows: That the said Charles B. Langford be hereby sentenced to Clinton Prison at Dannemora for an indeterminate sentence, the minimum of which shall be not less than $7\frac{1}{2}$ years and the maximum not more than 15 years. It appears further that said defendant is still confined and is now at Attica State Prison.

Petitioner alleges that said sentence and judgment of this court is null and void for two reasons: first, that subdivision 1 of section 913-g of the Code of Criminal Procedure is unconstitutional for the reason or reasons that a defendant between the ages of sixteen and nineteen years is abridged of the right of him or his counsel to move that he be investigated for the purpose of determining whether he is eligible to be adjudged as a youthful offender.

And as a second reason, he alleges that section 913-p of the Code of Criminal Procedure of the State of New York provides that its provisions shall apply to crimes committed prior, as well as subsequent *to the effective date of this enactment.*

Petitioner, however, admits that the sentence and judgment of the court is devoid of fraud, misrepresentation or deceit, and that he has no other remedy to attack the validity of the sentence other than by this proceeding.

The District Attorney of the County of Schenectady, in and by his reply, denies the allegations as contained in petitioner's petition and further affirmatively alleges that petitioner-defendant misconstrues the law as applicable thereto. The law as applicable hereto is known as chapter 632 of the Laws of 1944,

*in effect April 7, 1944,* and is more commonly known as Title VII-B, *Proceedings Respecting Youthful Offenders,* as set forth in the Code of Criminal Procedure.

There seems to be and is to be found no judicial interpretation upon sections 913-g or 913-p of the Code of Criminal Procedure.

One Charles Ray in the nighttime was accosted by petitioner defendant and accomplices along a country road. He was beaten by stoning and his money taken from him with force and violence, and upon these brief facts, defendant petitioner was indicted for the crime of robbery, first degree. Charles Ray remained in a hospital for several weeks with brain concussions and other wounds.

Upon the date that the crime was committed, defendant petitioner was eighteen years, eight months and four days of age. Upon the date of sentence the defendant petitioner was over the age of nineteen years. Upon the date of defendant petitioner's plea of guilty to robbery, second degree and upon the date of the sentence hereof, defendant petitioner was over the age of nineteen years. Petitioner defendant's argument that section 913-g is unconstitutional, as heretofore referred to, is without foundation.

The court on its own motion, or the Grand Jury upon recommendation, or the District Attorney may recommend to the court that a defendant between the ages of sixteen and nineteen years may be investigated for the purpose of determining whether he is eligible to be adjudged a youthful offender. The youth or his attorney is not granted that privilege. This is not granted to a defendant within this age group as a matter of right but only as a privilege by the Legislature and approved by the Governor. In other words it appears that the intent of the enactment of the so-called Youthful Offender Law was for the purpose of granting the power to the court of determining on the facts and circumstances, taking into consideration the age of the youth and all the surrounding circumstances, whether or not such youth, charged with a crime such as a felony or misdemeanor, should have the opportunity of various methods of rehabilitation from criminal groups to those of normal living in a society requiring respect for law, order and the public peace and safety of the State.

As to the interpretation of section 913-p, regarding the determinative age, which applies to the age group heretofore referred to, the Legislature could not predate or postdate the time when the law became effective, other than as of the 7th day of April, 1944. On the date of sentence of defendant peti-

tioner, he was over nineteen years of age. On the date of imposition of judgment and sentence, which was the 17th day of February, 1944, there was no statute applicable to the facts, neither of the Grand Jury nor the court to guide or direct the procedure thereof. The criminal statute must be strictly construed and no other interpretation seems to be applicable thereto. Further, to set back the date of the determinative age thereof, would open the door in the administration of the criminal law, to chaos and extra litigation.

Further, a law which modifies our increased or decreased punishment of crime, if enacted, would be classified as an ex post facto law, which both Federal and State Constitutions prohibit, and therefore the Legislature could not have intended the interpretation which defendant petitioner so zealously argues in his brief.

This defendant has been incarcerated now almost to the due date of his release and apparently, if of good behavior, would have been previously released. It appears to this court that he is grossly guilty of laches in not previously making an application.

In any event, not only for the reasons set forth herein but for the further reason that defendant petitioner alleges that no fraud, misrepresentation or deceit was perpetrated by and on behalf of or through any of the channels of this court, he is not entitled to a writ of error *coram nobis* and to a hearing before this court. Submit order.