Louis G. Bruhn, J.
This is an appeal on behalf of the defendant from a denial of an application for a Avrit of error coram nobis rendered [March 16, 1960] by the Hon. Aaron E. Klein, Judge of the City Court, Kingston, New York.
Section 517 of the Code of Criminal Procedure provides in part: “ An appeal may be taken as of right by the defendant from an order denying a motion to vacate a judgment of conviction, otherwise known as a motion or application for a writ *485 of error coram nobis, to the court to which an appeal from the judgment of conviction would lie as provided in this section ’ ’.
Since this is the court to which an appeal from a judgment of conviction would lie, there seems little doubt of the jurisdiction of this court to entertain it.
The basis of the present application is one to which little or no attention has been previously directed so far as this court’s research has been able to discover.
The application was predicated on the basis that through 11 oversight” the defendant was not accorded the opportunity of being treated under the youthful offender provisions of the Code of Criminal Procedure and for that reason the conviction and sentence should be vacated in order, at least, to have the investigation to determine eligibility.
The application was denied by the City Court because such court concluded that coram nobis was not the proper remedy to question the reasonableness of the court’s judgment or the propriety of the exercise of its discretion.
Section 913-g of the Code of Criminal Procedure provides in part as follows:
íí ^ * * *
“2. In any case where an information has been laid charging the defendant with the commission of a misdemeanor and it shall appear that the defendant is a youth, the district attorney may recommend to the court in which the information was laid, or, the court on its own motion may determine, that the defendant be investigated for the purpose of determining whether he is eligible to be adjudged a youthful offender.'” (Emphasis supplied.)
In view of such legislative language, it becomes evident that the matter of whether a defendant may be treated as a youthful offender is wholly discretionary, in the final analysis, with the court. (See Matter of Tschorny v. County Court of Tompkins County, 283 App. Div. 910.)
No vehicle is provided to a defendant to stimulate the exercise of such discretion.
While we may disagree with the Legislature in not providing such vehicle, relief, if any, must be forthcoming from there and not from the courts.
In the ease of People v. Langford (206 Misc. 628, motion for leave to appeal denied 137 N. Y. S. 2d 846) the court, at page 630 stated: “ The youth or his attorney is not granted that privilege. This right is not granted to a defendant within this youth age as a matter of right but only as a privilege by the Legislature and approved by the Governor.”
*486 In the case of People v. Henry (2 N Y 2d 826) the Court of Appeals held that coram nobis was not the proper remedy to review the denial of a motion made pursuant to section 312-c of the Code of Criminal Procedure.
Since the language employed in that section so closely compares with the language of section 913-g of the code, logic would certainly dictate a similar conclusion for section 913-g.
Incidentally, in the case of Matter of Kellogg v. Macduff (206 Misc. 330), a case upon which the defendant places considerable emphasis, the learned Justice at page 336 quite properly stated: ‘ ‘ This court does not hold that it is ‘ higher authority ’, nor does it hold that it has the right * * * to entertain an application in coram nobis, but it strongly suggests that the Justice of the Peace entertain the proceedings with the co-operation of the prosecution. This should be done in the interest of justice.” (Emphasis supplied.)
Furthermore, a review of the Court of Appeals cases involving coram nobis applications does not suggest to this court that applications should be granted on an “ interest of justice” theory per se.
On the contrary, such theory apparently was not approved by that court. (People v. Fawkes, 2 N Y 2d 915.)
Therefore, for the reasons stated, the judgment and order of the City Court of Kingston is affirmed. Submit order.