Irwin D. Davidson, J.
Defendant McCrea moves for an order directing that he be denominated a youthful offender pursuant to section 913-e of the Code of Criminal Procedure for a crime which he committed on November 8, 1941. The defendant, and the others indicted with him, were all tried and convicted on three counts of robbery in the first degree. He was sentenced on *558 November 30, 1942 to the Elmira Reformatory. The defendant is presently confined in State prison, having been sentenced as a second felony offender for a crime subsequent to the one he committed on November 8, ,1941. Obviously he would like to be denominated a youthful offender on the 1941 crime because it would change his status from that of a second to a first felony offender.
Defendant claims, since he was only 17 years old in 1941, well within the age limits for youthful offender treatment, that he should be accorded that preferred treatment despite the fact that no such procedure existed in 1941, nor even in 1942 when he was sentenced. The youthful offender statute was added to the Code of Criminal Procedure by chapter 632 of the Laws of 1944 which went into effect April 7,1944.
Defendant claims that the youthful offender statute applies to crimes prior as well as subsequent to its effective date. While it is true that the language of section 913-p provides it shall apply to crimes committed prior as well as subsequent to the date of enactment, nevertheless the statute does not apply retroactively to a case such as this defendant’s, in which all the proceedings, trial, conviction and sentence respecting a defendant were completed before the youthful offender statute became law. (People v. Langford, 206 Misc. 628; People v. Downie, 205 Misc. 643.)
Furthermore, the youthful offender statute confers a privilege on a defendant to petition the court in a proper case that he be accorded youthful offender treatment. It confers no right on the defendant that he be treated as a youthful offender merely because, he is of proper age. Defendant’s application is in all respects denied.