275 So.2d 698

**Danny ARMSTRONG**

**v.**

**STATE.**

**Don FOWLER**

**v.**

**STATE.**

**8 Div. 248, 8 Div. 249, 8 Div. 262.**

Court of Criminal Appeals of Alabama.

Dec. 5, 1972.

Rehearings Denied Jan. 23, 1973.

Roy D. McCord and J. A. Hornsby, Gadsden, for appellants.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

HARRIS, Judge.

### ON REHEARING

These cases were affirmed on December 5, 1972, without opinions for reasons which will clearly appear in this opinion. Appellants have filed timely applications for rehearing and in deference to counsel of record, we will respond to their insistences. Because the issues raised by these cases all involve the "Youthful Offender Act", Act No. 335, Third Special Session, approved February 10, 1972, the cases have been consolidated for consideration and disposition.

### ARMSTRONG. CASE I

Appellant Armstrong was charged in a two-count indictment by the Grand Jury of Marshall County, Alabama, on October 14, 1971, (Count I) for the unlawful sale and delivery of two capsules of Lysergic Acid Drethylamide (LSD), a hallucinatory or schizophrenic psychoses inducing drug, denounced by Act Number 430, 1966 Special Session of the Alabama Legislature, and (Count II) for the unlawful possession of the same drug condemned by the same Act.

On October 27, 1971, appellant, attended by counsel, was arraigned upon the indictment and entered a plea of not guilty to both counts. The case was set for trial on February 29, 1972.

At arraignment the trial court meticulously explained to appellant the constitutional rights of all persons charged with crime including the right to counsel at all stages of trial, right against self-incrimination, right to a speedy and public trial by a jury. He also explained the presumption of innocence, the burden of proof, the right to compulsory process for witnesses in his behalf, the right of cross-examination, a unanimous verdict, the range of punishment, and involuntary statements or confession. Appellant was then furnished a written outline of his rights for consultation and advice with his attorney. This outline of rights was much more detailed than required in *Boykin*. Appellant and counsel both signed the written statement.

Appellant filed a demurrer to the indictment but the record does not show that it was called to the attention of the court and no ruling thereon was invoked.

When the case was called for trial on February 29, 1972, appellant and his counsel withdrew the plea of not guilty and entered a plea of guilty to the indictment. However, before accepting the plea of guilty the trial court again explained appellant's rights to be certain that he knowingly, voluntarily and intelligently waived them. The court ascertained that appellant had reached his decision with the advice of his attorney and that the guilty plea was made voluntarily and that he was in fact guilty as charged. The court then accept-

ed appellant's plea of guilty and, after allo-cutus, sentenced him to two years impris-onment in the penitentiary.

## ARMSTRONG. CASE II

Armstrong was indicted by the same Grand Jury that returned the indictment in Case I charging that he did "unlawfully sell or deliver to Elverd J. Gosdin, two (2) tablets which contained Sodium Phenobar-bital, a depressant or stimulant drug, as de-fined by and contrary to the provisions of Act Number 252 of 1967 Regular Session of the Alabama Legislature, otherwise known as the Alabama Drug Abuse Con-trol Act, and that such sale, or delivery took place subsequent to August 24, 1967, etc., * * * "

The identical procedure was followed in Case II that was followed in Case I. It would serve no useful purpose to here re-peat that procedure. Upon his plea of guilty in Case II, appellant was sentenced to two years imprisonment in the peniten-tiary.

## FOWLER.

Fowler was indicted by the Grand Jury of Marshall County on October 14, 1971, for the offense of selling marijuana. Omitting the formal parts the indictment is as follows:

"The Grand Jury of said County charge that before the finding of this Indict-ment, Don Fowler, whose name to the Grand Jury is otherwise unknown, did unlawfully sell to G. A. Smith on to-wit: May 6, 1971, 150 grams of marijuana, cannabis Americana or cannabis Indica, or a compound or mixture which con-tained marijuana, cannabis Americana or cannabis Indica, contrary to law and against the peace and dignity of the State of Alabama."

On February 2, 1972, appellant filed a demurrer to the indictment which was overruled by the trial court on February 3, 1972. Upon arraignment on February 3, appellant, attended by counsel, entered a plea of not guilty and the case was set for trial on February 28, 1972, and was reached on February 29. Upon the case being called for trial appellant and his counsel made known to the court that he desired to withdraw his plea of not guilty and plead guilty to the charge.

As in *Armstrong,* supra, the trial court fully explained to Fowler his rights under the Constitution and laws of Alabama as well as his rights under the Federal Con-stitution and furnished them with a "print out" of his oral explanation. After consul-tation with his attorney, appellant signed same along with his attorney.

The case was called for trial on Febru-ary 29, 1972, and appellant with counsel made known to the court that he wanted to withdraw his not guilty plea and plead guilty to the indictment.

The same procedure was followed as in *Armstrong* above as to determining that appellant knowingly, voluntarily and intel-ligently waived "his rights." The court explained to appellant the nature and ele-ments of the crime against him and the possible sentences for the offense. The court ascertained that appellant understood that if he pleaded guilty, he would waive the right to a speedy and public trial; the right to a trial by jury; the right to see, hear, and question all witnesses against him; the right to present evidence in his favor and that he could testify for himself or to remain silent as he might decide; the right to have witnesses subpoenaed for him, and that he had the right to full rep-resentation by his attorney before, during, and after trial by jury. Further,

"The Court determines that defendant does have a full understanding of what a plea of guilt connotes and of its conse-quences; that the defendant committed the offense charged; the defendant's plea of guilt has not been induced by promises, assurances, inducements,

threats, coercion, or mistreatment by anyone; that defendant is not under the influence of drugs, medicines, or alcohol; that defendant is of sound mind; that defendant has discussed his plea fully with his attorney and is satisfied with his attorney's advice and services; that defendant makes his guilty plea of his own free will and because he is guilty and for no other reason."

Thereupon appellant was asked by the court if he had anything to say why the judgment and sentence of the law should not be passed upon him and he replied, "he had not." The court found appellant guilty of the offense of selling marijuana and sentenced him to three years in the penitentiary.

■ Both Armstrong and Fowler claim the trial court committed reversible error in not according to them the benefits of the "Youthful Offender Act", Act No. 335, approved February 10, 1972. They assert that this Act was in force and effect nineteen (19) days prior to the time they entered guilty pleas and received sentences. This claimed error was raised for the first time on appeal by assignments of error.

In Flippo v. State, 49 Ala.App. 138, 269 So.2d 155, this Court upheld the constitutionality of Act No. 335, approved February 10, 1972. The Supreme Court of Alabama denied certiorari, 289 Ala. 743, 269 So.2d 164. *Flippo* cannot be relied upon for a reversal of these two cases. Within thirty (30) days after *Flippo* was sentenced on his guilty plea, his attorney filed a motion for a new trial and brought to the attention of the trial court the "Youthful Offender Act" and invoked a ruling thereon. Hence, the ruling of the trial court was squarely presented to this court

on appeal. Such is not the case as respects Armstrong and Fowler.

An examination of the records in these cases reflect that Act No. 335, Third Special Session, approved February 10, 1972, now known as the "Youthful Offender Act", was never called to the attention of the trial court. No motion of any kind was made by Armstrong and Fowler to the trial court prior to entry of judgment. Nor was there motions for a new trial within the time allowed by law, or even thereafter.

In *Fowler* there was a "motion to amend transcript" to show that appellant was under the age of twenty-one years at the time of the commission of the offense "so that *this* court may enter such orders, judgments, or decrees as *this court* may think best for the purpose of putting into effect the provisions of Act Number 335, Alabama Legislature, Third Special Session, 1971." The provisions of this act were put into force and effect by operation of law on February 10, 1972.

■ On appeal review is limited to matters on which action or ruling at nisi prius proceeding was invoked, except in case of ineradicable harm, and, then, such error should be called to the trial court's attention by a motion for a new trial. Alday v. State, 42 Ala.App. 21, 151 So.2d 220; Jackson v. State, 260 Ala. 641, 71 So.2d 825; Knight v. State, 273 Ala. 480, 142 So.2d 899.

All applications for rehearing in these cases are due to be overruled, and it is so ordered.

Applications overruled.

All the Judges concur.