317 So.2d 555

**Don RAINES**

v.

**STATE.**

**8 Div. 476.**

Court of Criminal Appeals of Alabama.

Aug. 13, 1974.

Rehearing Denied Oct. 1, 1974.

T. J. Carnes, Albertville, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and George M. Boles, Special Asst. Atty. Gen., Birmingham, for the State.

DeCARLO, Judge.

Selling marijuana: sentence three years.

On the night of March 19, 1973, Doug Nelson, an agent of the Alabama Department of Public Safety Narcotics Unit was parked in a Chevrolet van at Jack's Hamburgers in Albertville. With him were Wayne Romine, a police informer, and Danny Pinson. Appellant was called over to the van and asked, either by Nelson or the informer, if he could sell them some marijuana. There was disputed testimony whether appellant replied he did not sell marijuana, however, he did walk to a Dodge automobile parked about thirty feet away and returned with a plastic bag containing what was later identified as marijuana. Nelson testified that he paid appellant $20.00, placed the bag in his coat pocket, and later turned over to his superior officer. All the parties then left the parking lot with Nelson and rode around in the van. During this time, they drank beer and smoked marijuana. Nelson stated that he simulated smoking and that the marijuana was furnished by appellant.

Both appellant and defense witness Danny Pinson testified that when inquiry was made concerning the marijuana, appellant

stated he didn't sell it, but might know where he could get some. Appellant testified that he got the marijuana from someone in the Dodge automobile, delivered it to the van, and then gave the $20.00 to the occupant of the Dodge. It is his contention that he acted only as a conduit.

Being under twenty-one years of age, appellant was told at arraignment that in order to be considered for youthful offender status, he would have to waive trial by jury. Through his court-appointed attorney, appellant did not make this waiver nor did he waive his rights under the Youthful Offender Act (Act No. 335, Extra Session of the Alabama Legislature, 1971). Defense counsel stated that to require appellant to waive trial by jury in order to obtain youthful offender status was unconstitutional coercion.

Appellant was tried as an adult and following his conviction, defense counsel again moved for youthful offender status but was overruled.

## I.

It is appellant's contention that the provision of the Youthful Offender Act requiring a waiver of jury trial prior to being considered as a youthful offender is unconstitutional, and the court erred in its application.

In *Flippo v. State,* 49 Ala.App. 138, 269 So.2d 155, cert. den., 289 Ala. 743, 269 So.2d 164, Judge Harris resolved the constitutionality of this Act, and any comment by this writer would be merely a cluttering reaffirmation serving no useful purpose.

## II.

■ Appellant next takes the position that to permit youthful offender status to those who have been convicted by a court and to deny it to others who have been convicted by a jury is unconstitutional discrimination. Further, it is a denial of due process and equal protection guaranteed by the Constitution.

Counsel argues that the Federal Youth Corrections Act, 18 U.S.C. Chapter 402, § 5006, defines a "youthful offender" as a person under the age of twenty-two years at the time of *conviction.* Under federal procedure, the accused may have a jury trial and still have available to him the benefits of this statute.

The decision of our court in *Flippo,* supra, and the subsequent denial of certiorari by the Alabama Supreme Court, judicially established the Youthful Offender Act as the law regarding youthful offenders, and until changed by the legislature, it remains the legal guide in determining the status of a youthful offender.

In passing the Federal Youth Corrections Act, Congress intended to make available for the discretionary use of federal judges, a system for the sentencing and treatment of youthful offenders by permitting the substitution of correctional rehabilitation rather than retributive punishment. *United States v. Lane,* 9 Cir., 284 F.2d 935.

By the enactment of Alabama's Youthful Offender Act, Title 15, § 266(1) et seq., Code of Alabama, our legislature not only sought to provide an alternative method of sentencing minors, but in fact, created a procedure separate and apart from the criminal procedure dealing with adults accused of the same offenses. *Flippo,* supra.

■ At the outset, anyone under twenty-one, seeking the status of a youthful offender, is required to give his consent to be tried without a jury. Thus, the option is open to the accused to proceed as an adult and be tried by a jury or waive his right to a jury trial by consenting to adjudication as a youthful offender.

**592**

The choice is his and his alone. We are dealing, not so much with the waiver of a constitutional right, but with the operation of additional and beneficial alternatives.

Appellant now insists he is entitled to the advantage of our statute without complying with its mandatory provisions. Since he did not choose to be tried as a youthful offender, he cannot now avail himself of the benefits under this statute.

### III.

■ We do not agree that the trial court erred when it denied appellant's request for the affirmative charge. A conflict in the testimony is a matter to be resolved by the jury hearing the case. *Wadsworth v. State,* 45 Ala.App. 62, 223 So.2d 603.

### IV.

■ Finally, appellant maintains this oral instruction by the trial court as to entrapment was incomplete:

"The defendant asserts that he is a victim of entrapment as to the crime charged in the indictment. Where a person has no previous intent or purpose to violate the law but is induced or persuaded by law enforcement officers or their agents to commit a crime, he is a victim of entrapment, and the law, as a matter of policy, forbids his conviction in such a case. On the other hand, where a person already had the readiness and willingness to break the law, the mere fact that law enforcement officers or their agents provide what appears to be a favorable opportunity is not entrapment. If, then, the Jury should be satisfied beyond a reasonable doubt from the evidence in the case that before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit the crime such as charged in the indictment whenever opportunity was afforded and that law enforcement officers or their agents did no more than offer the opportunity, then the Jury should find that the defendant is not a victim of entrapment. On the other hand, if the evidence in the case should leave you with a reasonable doubt as to whether the defendant had previous intent or purpose to commit any offense of the character here charged and did so only because he was induced or persuaded by some law enforcement officer or their agent, then it would be your duty to acquit him."

Appellant's counsel does not contend that the court's charge was error, but insists it was not enough to instruct the jury on the doctrine of entrapment. He urges that the trial court should have given the following charge:

"The Court charges you that when a person is prosecuted for the commission of a crime or an offense and it appears from the evidence that the act described in the accusation was in fact done by the defendant but it further appears that the criminal design for doing the act originated in the mind of the state law enforcement officer and that such officer induced the defendant into performing the act, then the defendant is said to have been entrapped into the commission of the offense charged and if you find from the evidence that such occured (sic) in this case you should return a verdict of not guilty."

Appellant states that his requested charge includes the all important element of intent. He asserts the court's oral charge did not instruct the jury that if the intent originated in the mind of the state officer who then induced appellant to commit the offense, then appellant could not be convicted.

After carefully considering the court's oral instruction, we find it sufficiently covers the point raised by appellant. *Lindsay v. State,* 41 Ala.App. 85, 125 So.2d 716.

No error appears in the record and the judgment is affirmed.

Affirmed.

ALMON, TYSON and HARRIS, JJ., concur.

CATES, P. J., not sitting.