317 So.2d 524

**Ronald Harold HUGHLEY, alias**

v.

**STATE.**

**5 Div. 263.**

Court of Criminal Appeals of Alabama.

Feb. 4, 1975.

Richard D. Lane, Auburn, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant was indicted by the Grand Jury of Lee County for the second degree burglary of Bryant's Washateria. The Jury found the appellant guilty as charged, and the trial court then entered judgment, setting sentence at ten years imprisonment.

## I

In the Minute Entry in this cause we find the following:

"It appearing to the satisfaction of the Court that the Defendant in this case is INDIGENT and desires LEGAL COUNSEL, it is therefore ordered and adjudged by the Court that: Richard D. Lane, Attorney at Law, be and is hereby appointed as Counsel to represent, assist and defend said Defendant in this case.

"This May 21, 1974.

"/s/ L. J. Tyner, Judge

"5–22–74. Defendant makes application for Youthful Offender treatment.

"/s/ L. J. Tyner, Judge

"5–23–74. Defendant's application for Youthful Offender treatment is hereby denied.

"/s/ L. J. Tyner, Judge

"5–23–74. On this day came Hon. Ronald L. Myers, as District Attorney, who prosecutes for the State of Alabama, also came in open Court the defendant, Ronald Harold Hughley, in his own proper person and attended by his court appointed attorney, Hon. Richard D. Lane, and the defendant being duly and formally arraigned on an indictment charging him with Burglary in the Second Degree, for his plea thereto says, in the presence of and with the consent and approval of his said attorney, that he is not guilty as charged in the indictment. This case is set for trial at 9:00 A.M. on Wednesday, June 12, 1974.

"/s/ L. J. Tyner, Judge"

In *Morgan v. State,* 291 Ala. 764, 287 So. 2d 914, we find:

"Act 335, Alabama Legislature, Third Special Session, 1971, known as the Youthful Offender Act, has been codified as Tit. 15, § 266(1)(2)(3)(4)(5)(6), Code of Alabama, 1940, Recompiled 1958.

"Section 266(1) provides that 'a person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall —and, if charged with a lesser crime, may—be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him.'

"The Act therefore charges the trial judge with the duty to refer any person under 21 years of age, whose case has not been disposed of in the juvenile court and who is charged with a crime involving *moral turpitude or is subject to a sentence* of confinement for one year or more, to a probation officer to make such investigation requested by the court. *Referral in such event is not discretionary, but mandatory, on the part of the trial judge."* [Emphasis supplied]

As shown above, the appellant's request that he be tried as a Youthful Offender was decided without referring the matter to a probation officer for investigation, and without examination by the court. This precise point was decided by this court in *Edwards v. State*, 1974, 55 Ala.App. 544, 317 So.2d 511.

In accordance with the above authorities, this cause is remanded for a referral to the probation officer, and thereafter for a full hearing with counsel, on the merits of the Youthful Offender petition. *Edwards v. State*, supra; *Tarver v. State*, 1975, 54 Ala.App. —, — So.2d —.

Remanded with directions.

All the Judges concur.