326 So.2d 314

**Leroy WILSON**

v.

**STATE.**

**4 Div. 202.**

Court of Criminal Appeals of Alabama.

Feb. 18, 1975.

Rehearing Denied March 18, 1975.

Alice L. Anderson, Enterprise, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

ON REHEARING

CATES, Presiding Judge.

The former opinion in this case is hereby withdrawn and the following becomes the opinion of this Court:

Robbery: sentence, thirty years imprisonment.

Appellant, who was nineteen years of age at the time of trial, first made known his desire to be tried as a youthful offender in his motion for new trial, which was denied by the trial court.

It was the duty of the trial court on being informed that Appellant was under the age of twenty-one at the time of the offense, and thus eligible for youthful offender treatment, to refer him to a probation officer for investigation. *Morgan v. State,* 291 Ala. 764, 287 So.2d 914. The record in the instant case does not reveal that this was done. Following such investigation, if Appellant consents to be tried as a youthful offender under the provisions of Act No. 335 of February 10, 1972, it is within the discretion of the trial court to so try him. A minor accused's right to be informed of the provisions of the Youthful Offender Act is accorded the same gravity as the right to an explanation of constitutional rights when a guilty plea is entered. *Morgan,* supra.

On authority of *Edwards v. State,* (5 Div. 216, Ms. Oct. 1, 1974), 55 Ala.App. 544, 317 So.2d 511 (which rests on *Morgan,* supra) this case is remanded to the trial court to refer Appellant to a probation officer for investigation. Should Appellant then manifest a desire to be tried as a youthful offender, a speedy, fully recorded hearing on his petition shall be held and a transcript of the proceedings, together with the trial court's determination, is to be forwarded to this court for review.

Remanded with directions.

Application for rehearing overruled.

All the Judges concur.