324 So.2d 793

**Walt WHITFIELD**

v.

**STATE.**

**4 Div. 203.**

Court of Criminal Appeals of Alabama.

March 4, 1975.

Rehearing Denied March 18, 1975.

Joseph P. Hughes, Geneva, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

The appellant was indicted on a charge of robbery November 1, 1971, by the Grand Jury of Geneva County. His trial began on October 2, 1972, and ended on October 3, 1972, upon a finding of guilty by the Jury, which fixed his punishment at twenty-one years in the penitentiary. On that date, after sentencing, the appellant gave notice of appeal, and sentence was suspended pending such appeal. On October 27, 1972, the appellant waived suspension of sentence and elected to begin serving the sentence imposed immediately.

Beginning November 30, 1972, and extending through February 26, 1974, the court reporter filed fifteen motions to extend time for filing of the transcript of the evidence with the Circuit Clerk. Such motions were granted and orders issued by the Circuit Judge extending time for filing the transcript through February 26, 1974.

The transcript of the evidence included in the record on appeal was not the original transcript, but a carbon copy thereof and the certificate of the court reporter dated March 15, 1974, was not signed. Upon request of this Court, the Circuit Clerk furnished a certified copy of the signed certificate of the court reporter for inclusion in the record in this appeal.

The evidence in the case established the appellant to have been sixteen years of age at the time the robbery charged was committed. An amended motion to quash the indictment dated November 8, 1971, likewise apprised the court of the fact that the appellant was sixteen years of age. Act No. 335, Acts of Alabama, 3d Spec.Sess., 1971, became effective February 10, 1972, and is known as the Youthful Offender Act (Title 15, § 266(1) et seq., Code of Alabama 1940, as amended). The trial of the appellant thus took place in October, 1972, after the effective date of the Act in February of that year.

I

This Court in *Flippo v. State*, 49 Ala. App. 138, 269 So.2d 155, held the Youthful Offender Act to be constitutional. In that case, the defendant was indicted thirty-six

days *before* Act No. 335 became effective, and he entered a guilty plea some thirteen days *after* the effective date of that Act.

Failure of the trial court to apprise the defendant of the Youthful Offender Act in that case was brought to the trial court's attention in a motion for a new trial. The similarity between the *Flippo* appeal and the instant appeal ends at this point. The appellant, Whitfield, filed a motion for a new trial on November 10, 1972, however, the motion is not set out in the record and the only reference thereto in the record is as follows:

"10:30 A.M. MORNING SESSION NOVEMBER 10, 1972

"THE COURT: Let the record show that this was the time and the place set for the hearing of the defendant's motion for a new trial and the Defendant's attorney having appeared announced that she wished to adduce no testimony and would submit on the motion itself, whereupon she handed the Court a list of citations to be considered by the Court."

■ Pursuant to *Flippo*, supra, there is no doubt that the appellant in the instant case, being sixteen years of age at the time of the commission of the crime charged and seventeen years of age on the date of his trial, would be subject to the provisions of the Youthful Offender Act. The question remaining for a decision by this Court is whether the trial court's failure to apprise the appellant of his right to be tried as a youthful offender may be considered for the first time on appeal. The case of *Armstrong v. State*, 49 Ala.App. 720, 275 So.2d 698, held that a defendant was not entitled to raise for the first time on appeal the failure of the trial court to afford him treatment as a youthful offender pursuant to Act No. 335, supra.

Harris, J., speaking for this Court in the *Armstrong* case stated:

"An examination of the records in these cases reflect that Act No. 335, Third Special Session, approved February 10, 1972, now known as the "Youthful Offender Act", was never called to the attention of the trial court. No motion of any kind was made by Armstrong and Fowler to the trial court prior to entry of judgment. Nor was there motions for a new trial within the time allowed by law, or even thereafter."

*Armstrong* was decided December 5, 1972, and rehearing was denied January 23, 1973. However, on December 13, 1973, the Supreme Court of Alabama rendered a significant opinion in the case of *Morgan v. State*, 291 Ala. 764, 287 So.2d 914.

The Supreme Court of Alabama, speaking through Justice Faulkner in that case, held the Youthful Offender Act not to have retroactive effect where the defendant was tried prior to the effective date of Act No. 335, supra. Most significantly, however, the Court went on to state:

"The Act therefore charges the trial judge with the duty to refer any person under 21 years of age, whose case has not been disposed of in the juvenile court and who is charged with a crime involving moral turpitude or is subject to a sentence of confinement for one year' or more, to a probation officer to make such investigation requested by the court. *Referral in such event is not discretionary, but mandatory, on the part of the trial judge.* After the investigation, if the youth consents to examination by the court and trial without a jury, and the court so decides, no further action is taken on the indictment or information unless ordered by the court. After investigation and examination, it is within the discretion of the trial judge whether the youth shall be tried as a youthful offender. *The duty is upon the trial judge to call the Act to the attention of the youthful offender, just as much as it is the duty of the trial judge to explain to a defendant his constitutional rights when he enters a plea of guilty.*" (emphasis supplied)

## II

The Alabama Court of Criminal Appeals was established and its jurisdiction fixed by Act No. 987, Acts of Alabama 1969. Section 10 of that Act states in part:

"The decisions of the supreme court shall govern the holdings and decisions of the courts of appeals, . . . ."

 Regardless of this Court's ruling in *Armstrong,* supra, the Supreme Court in *Morgan* places the burden on the trial judge to call the benefits of the Youthful Offender Act to the attention of an eligible defendant. That Court has analogized that burden and duty of a trial judge to the duty of a trial judge to explain a defendant's constitutional rights before accepting his guilty plea. Such being the case, this Court is now under an affirmative duty in searching the record for error to determine whether the trial judge performed the mandatory duty of apprising the defendant of his rights under the Youthful Offender Act.

On February 18, 1975, this Court remanded with directions the case of *Wilson v. State,* 57 Ala.App. ——, 326 So.2d 314. Leroy Wilson was jointly indicted with the appellant, Walt Whitfield, and was sentenced to thirty years in prison. Wilson was nineteen years of age at the time of his trial. In the opinion of this Court in the Wilson case, Cates, P. J., held:

"On authority of *Morgan,* supra, this case is remanded to the trial court to make known to the Appellant his right to petition for trial as a youthful offender. Should he manifest a desire to be so tried, the petition is to be referred to a probation officer for investigation. *Tarver v. State* (1975), 56 Ala.App. 36, 318 So.2d 775."

"After a speedy, full recorded hearing on the petition, a transcript of the proceedings, together with the trial court's determination, is to be forwarded to this court for review. *Edwards v. State,* (1974), 55 Ala.App. 544, 317 So.2d 511."

The Court hereby fully applies the above quoted instructions to this appeal, and this case is therefore

Remanded with directions.

All the Judges concur.