317 So.2d 546

**Charles Leon JOHNSON**

v.

**STATE.**

**8 Div. 422.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

**580**

Joe Gilliland, Russellville, for appellant.

William J. Baxley, Atty. Gen., and William A. Davis, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Charles Leon Johnson was indicted September 21, 1972, by the Franklin County Grand Jury on two counts of first degree murder. On November 14, 1972, he was found guilty of second degree murder on Count I and sentenced to 25 years, and found guilty of first degree manslaughter on Count II and sentenced to 10 years; the sentences to run consecutively.

In the appellant's testimony, he stated that he was eighteen years of age. In the appellant's signed confession which was admitted into evidence, his birthdate established him to be eighteen years of age at the time of the trial. Likewise, the judgment entry in the record shows that the trial court upon sentencing ascertained the appellant to be about nineteen years of age.

The offense took place on July 2, 1972, with the appellant being tried November 13 and 14, 1972. The Youthful Offender Act became effective February 10, 1972, Act No. 335, Acts of Alabama, 3rd Special Session, 1971, approved February 10, 1972 (Title 15, § 266(1) et seq., Code of Alabama 1940 as amended).

▮ The Supreme Court of Alabama has held that the trial judge has a duty to refer any person under twenty-one years of age, whose case has not been disposed of in the juvenile court, to a probation officer to make an investigation. That Court held, "Referral in such event is not discretionary, but mandatory, on the part of the trial judge. . . . The duty is upon the trial judge to call the Act to the attention of the youthful offender, just as much as it is the duty of the trial judge to explain to a defendant his constitutional rights when he enters a plea of guilty." *Morgan v. State,* 291 Ala. 764, 287 So.2d 914.

▮ *Morgan* places this Court under an affirmative duty in searching the record for error to determine whether the trial judge performed the mandatory of apprising the defendant of his rights under the Youthful Offender Act. The record in the instant case does not show this to have been done.

▮ This Court remanded with directions the following cases: *Wilson v. State,* 54 Ala.App. —, — So.2d — (1975); *Whitfield v. State,* 54 Ala.App. —, — So.2d — (1975). In those opinions, we stated:

"On authority of *Morgan,* supra, this case is remanded to the trial court to make known to the Appellant his right to petition for trial as a youthful offender. Should he manifest a desire to be so tried, the petition is to be referred to a probation officer for investigation. *Tarver v. State,* (1975), 54 Ala.App. —, — So.2d —.

"After a speedy, full recorded hearing on the petition, a transcript of the proceedings, together with the trial court's determination, is to be forwarded to this court for review. *Edwards v. State,* (1974), 54 Ala.App. —, — So.2d —."

Based upon *Morgan, Wilson* and *Whitfield,* supra, it is necessary that this Court remand the instant case to the trial court below with directions to proceed in accordance with the above quoted instructions.

Remanded with directions.

All the Judges concur.