# 548

317 So.2d 515

**Walter Bernard ALLEN, Jr., alias**

v.

**STATE.**

6 Div. 726.

Court of Criminal Appeals of Alabama.

May 6, 1975.

---

William T. Kominos, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David L. Weathers, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Murder: sentence, life imprisonment.

The minute entry recites in pertinent part:

"This the 25th day of January, 1974, it appearing to the Court that heretofore the defendant made a motion to be tried as a youthful offender and the same being duly considered by the Court, it is ordered by the Court that said motion be and the same is hereby denied and this case is set for trial on February 25, 1974."

Although the trial court considered and denied the appellant's motion to be tried as a youthful offender, it does not appear from the minute entry that the trial judge referred the defendant to a probation officer as required pursuant to the Youthful Offender Act. Act No. 335, Acts of Alabama 1971, 3rd Special Session, approved February 10, 1972 (Title 15, § 266(1) et seq., Code of Alabama 1940, Recompiled 1958).

The appellant had been denied treatment as a juvenile offender by the Family Court and in all probability, had been investigated by a probation officer, however, such is not reflected on the face of the record now before this Court. We are bound by what appears in the record before us.

In the landmark decision on the Youthful Offender Act by the Alabama Supreme Court, Justice Faulkner wrote:

"The Act therefore charges the trial judge with the duty to refer any person under 21 years of age, whose case has not been disposed of in the juvenile court and who is charged with a crime involving moral turpitude or is subject to a sentence of confinement for one year or more, to a probation officer to make such investigation requested by the court. Referral in such event is not discretionary, but mandatory, on the part of the trial judge. . . . The duty is upon the trial judge to call the Act to the attention of the youthful offender, just as much as it is the duty of the trial judge to explain to a defendant his constitutional rights when he enters a plea of guilty." *Morgan v. State,* 291 Ala. 764, 287 So.2d 914.

This Court remanded with directions the following cases: *Tarver v. State,* 55 Ala.

App. —, — So.2d —; *Edwards v. State*, 55 Ala.App. 544, 317 So.2d 511. In both of those cases, the minute entry failed to show a referral to a probation officer as required under the Youthful Offender Act.

Based upon *Tarver, Edwards* and *Morgan,* supra, it is necessary that this Court remand the instant case to the trial court for reference to a probation officer and thereafter a hearing on the merits of the petition for treatment under the Youthful Offender Act.

Remanded with directions.

All the Judges concur.