LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of robbery and sentenced to imprisonment in the penitentiary for ten years. He was sixteen, lacking two weeks of being seventeen, years old at the time of the alleged offense; he was indicted and arraigned within approximately three months; he pleaded not guilty and was tried within about seven weeks after arraignment.
We forego for the time being consideration of the issues raised by appellant, in view of the preemptive question whether defendant voluntarily and understanding^ renounced an opportunity he apparently had to be treated under the Youthful Offender Act (Code of Alabama Recom. 1958, 1973 Cumulative Pocket Part, Tit. 15, § 266(1) et seq.).
The only references in the record to the question of youthful offender treatment are entries made the day of, and just prior to, his arraignment as follows:
“DECLINED YOUTHFUL OFFENDER
“Defendant declined to be treated as a Youthful Offender * * *
“ * * * defendant in open court on this day declined to be treated as a Youthful Offender.”
During the life of the Youthful Offender Act of little more than four years there *1129 have been more than twice that number of reported appellate court cases pertaining to the question of the protection of the rights under said Act of a person under twenty-one years of age. They do not answer the specific question before us, but some of them seem to shed sufficient light upon the question to furnish us an accurate chart to follow. Morgan v. State, 291 Ala. 764, 287 So.2d 914; Ex parte Rains (In re Rains v. State), 294 Ala. 360, 317 So.2d 559, aff’g 55 Ala.App. 588, 317 So.2d 555; Ex parte State (In re Edwards v. State), 294 Ala. 358, 317 So.2d 511, aff’g 55 Ala.App. 544, 317 So.2d 512; Clemmons v. State, 294 Ala. 746, 321 So.2d 238, aff’g 56 Ala.App. 275, 321 So.2d 237; Wilson v. State, 57 Ala.App.,124, 326 So.2d 314, cert. denied 295 Ala. 218, 326 So.2d 315; Harding v. State, 56 Ala.App. 443, 322 So.2d 733, aff’g 295 Ala. 404, 322 So.2d 734; Whitfield v. State, 56 Ala.App. 653, 324 So.2d 793, writ quashed, 295 Ala. 428, 324 So.2d 796.
In Whitfield, speaking for this Court, Judge Bookout emphasized what had been held by the Supreme Court of Alabama, through Justice Faulkner, in Morgan, supra:
“The duty is upon the trial judge to call the Act to the attention of the youthful offender, just as much as it is the duty of the trial judge to explain to a defendant his constitutional rights when he enters a plea of guilty.” (emphasis supplied).
Thereafter it was said in Whitfield:
“Regardless of this Court’s ruling in Armstrong, supra, the Supreme Court in Morgan places the burden on the trial judge to call the benefits of the Youthful Offender Act to the attention of an eligible defendant. That Court has analogized that burden and duty of a trial judge to the duty of a trial judge to explain a defendant’s constitutional rights before accepting his guilty plea. Such being the case, this Court is now under an affirmative duty in searching the record for error to determine whether the trial judge performed the mandatory ■duty of apprising the defendant of his rights under the Youthful Offender Act.” (emphasis supplied).
The bare references to a declination of defendant to be treated as a “Youthful Offender” quoted above are manifestly insufficient, in the light of what is required by way of explanation to a defendant of his constitutional rights before accepting his guilty plea.
We do not find in the record any explanation whatever made to defendant of his rights under the Youthful Offender Act. We realize the likelihood of some explanation having been made to him by the court or by his attorney, but we cannot assume, and in the absence of strong proof it would be difficult for us to believe, that he fully understood his rights under the Youthful Offender Act and renounced them. Although not necessary to the tentative disposition of this proceeding as hereinafter stated, we note that apparently there was no question in the court’s mind as to the worthiness of defendant to receive youthful offender treatment. There is no indication in the record of any previous criminal record or of prior criminal tendencies. His guilt or innocence turned on the matter of the accuracy of the identification by the victim. Defendant resolutely and forthrightly testified in his own behalf that he was not guilty, and there was substantial corroboration of his testimony by members of his family and by others. He should have had the benefit at least of the detailed explanation in substance that is found in the procedure narrated and recommended in Ex Parte Rains, supra. As to all of this, it should be noted that the trial judge who tried this case was not the judge who arraigned defendant. This statement is made in order that there be no reflection upon either. It appears likely that the judge, who arraigned, understandably proceeded as if defendant, upon further reflection, would be able to withdraw his renunciation, and that the judge who tried the case had reason to believe that theretofore defendant had been afforded full protection of his rights.
The case should be remanded to the trial court for it to proceed in accordance with *1130 such directions as are applicable in Clemmons v. State, 294 Ala. 746, 321 So.2d 238, beginning with the language of Justice Shores, “Therefore, on remand, the trial court should bring the defendant before it, should inform him of the provisions of the Youthful Offender Act, and that, if he desires he may consent . . . ” If defendant now consents to be arraigned and tried under the Youthful Offender Act and the trial court determines that the trial court has previously decided that he was entitled to be so arraigned and tried, or, if no such decision by the trial court has been made, and defendant now consents to an investigation and examination for the purpose of a determination whether, at the time of his arraignment, he would have been so entitled, if he had so elected, and the trial court determines that at such time he would have been so entitled, the judgment and sentence in this case should be set aside, and the defendant should be arraigned, tried and adjudged under the provisions of said statute. If no such determination, that is, if no affirmative determination under either of the two alternatives in the preceding sentence, is made, “a transcript of the proceedings, together with the trial court’s determination, is to be forwarded to this court for review.” Wilson, supra; Whitfield, supra. In that event and at that time, in accordance with Clemmons, supra, “defendant has the right to renew his appeal” in this Court, which retains jurisdiction of the case, for a decision on the points on appeal not reviewed herein.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court, and the case is remanded to the trial court with directions as indicated herein.
REMANDED WITH DIRECTIONS.
All the Judges concur.