TYSON, Judge.
Kelley Tatum was indicted for assault in the first degree pursuant to § 13A-6-20, Code of Alabama 1975, as amended 1979. The jury found the appellant guilty of assault in the second degree and the trial court set punishment at ten years’ imprisonment. From that conviction, the appellant now appeals.
This appeal grew out of an offense which was committed on July 1, 1980 between the appellant and one Greg Bolling, both employees of Aeseo Steel Company, located in Calhoun County, Alabama.
Because, in our examination of this record, such fails to establish conclusively that the appellant’s right to be heard and tried as a youthful offender under Alabama law was explained prior to trial, we must remand this cause to the circuit court for a hearing pursuant to Morgan v. State, 291 Ala. 764, 287 So.2d 914 (1973); Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975) and Cooks v. State, 55 Ala.App. 537, 317 So.2d 504 (1974).
It is true that the State of Alabama has attempted to supplement the record of the circuit court by filing certain records from a purported hearing before a Calhoun County District Court under ARAP rule 10(f). The appellant’s attorney has filed a motion to strike this record of the district court proceedings since such was never filed with and made a part of the records in circuit court. Thus, the appellant’s motion to strike this supplemental record is due to be granted. American Benefit Life Insurance Company v. Ussery, Ala., 373 So.2d 824 (1979); See also Southern Haulers, Inc. v. Martin, Ala., 382 So.2d 491 (1980); McGee v. State, Ala.Cr.App., 383 So.2d 200, reversed, Ala., 383 So.2d 205 (1980); White v. State, Ala.Cr.App., 378 So.2d 239, cert. denied, Ala., 378 So.2d 247 (1979); Ballou v. State, Ala.Cr.App., 365 So.2d 352 (1978).
It is the general rule that an appellate court will not consider matters not submitted at trial and which are therefore outside the record of the proceedings, cases cited.
We remand this cause to the trial court with directions to conduct a hearing with the appellant and his counsel present to determine whether the appellant, prior to trial, was apprised of his right to be considered as a youthful offender, pursuant to Morgan and Clemmons, supra. Thereafter, the trial court shall make written findings of fact and conclusions of law and enter same, together with a copy of the record of the hearing, and such shall be filed with the Office of the Circuit Clerk. The trial court is further instructed that such hearing be held speedily and that the complete transcript of these proceedings under the seal of the circuit clerk then be transmitted to this court for our review. Authorities herein cited.
REMANDED WITH DIRECTIONS.
All the Judges concur.