A jury found defendant (appellant) guilty of the possession or utterance of a forged check, "with intent to defraud" and "having knowledge that said instrument was forged in violation of Section 13A-9-6 of the Code of Alabama."
A major contention of appellant is that the trial court erred in overruling defendant's objections to the testimony of witnesses that during the same month of the commission of the alleged crime in the instant case, the defendant was in possession of and uttered three forged checks which purported to be checks of the same drawer and drawn on the same bank as the check in the instant case. To so hold would be in conflict with what has been held in many cases, including Preyer v.State, Ala.Cr.App., 369 So.2d 901 (1979); Christison v. State,41 Ala. App. 192, 142 So.2d 666 (1960), aff'd 273 Ala. 564,142 So.2d 676 (1962); Kirby v. State, 17 Ala. App. 151, 82 So. 641, cert. denied, 203 Ala. 473, 83 So. 416 (1919); and Williams v.State, 126 Ala. 50, 28 So. 632 (1900). *Page 925 
 "The crime of forgery in Alabama has, as its crucial element, a requisite intent on the part of the defendant to defraud. As tending to prove this intent, the State is allowed to introduce evidence that the accused forged other paper of a similar kind, at or about the time of the commission of the charged offense, which purported to have been executed by the same person." Gamble, McElroy's Alabama Evidence, § 70.01 (11) (1977)
As the unlawful possession or utterance of a forged instrument requires the same kind of an intent, the intent to defraud, as the crime of forgery, it follows that the evidence as to the other incidents was properly admitted, as an exception to the general rule of exclusion of the commission by the defendant of other crimes.
Upon the conviction of defendant, the State gave due notice that it would proceed against defendant under the Habitual Felony Offenders Act, Code of Alabama, 1975, § 13A-5-9. A sentencing hearing was set and conducted, which resulted in evidence of three previous convictions of forgery about a year before the alleged crime here involved and a sentence to imprisonment for fifteen years.
The only other contention on appeal is that at the time of the previously committed felonies appellant "was under the age of 21 years and entitled to make application for the benefits of the Youthful Offender Act, Code of Alabama 1975, § 15-19-1, et seq." and that the "State's evidence . . . failed to disclose any ruling upon the appellant's petitions for Youthful Offender adjudication."
In addition to oral evidence on the subject, there was introduced in evidence a certified copy of the judgment of the court in each of the three previous cases, which contains a comprehensive recital of the acknowledgment by defendant and his attorney in writing, and by colloquy in open court, that defendant voluntarily, knowledgeably and understandably desired to withdraw his previous plea of not guilty and enter a plea of guilty, which the court accepted.
The record before us shows that there was an effort by the attorneys at the sentencing hearing to arrive at a stipulation as to what occurred as to any application for treatment as a youthful offender in any of the three previous cases, but that they could not agree on a stipulation. During the colloquy among the court and the attorneys, counsel for defendant said that he "would ask the Court to take judicial notice and we would concur with the State's notice that a Y.O. petition was filed on about March 1st of 1979 and the Court did not rule on that application." Soon thereafter the court said:
 "Now just for the record I see that — just a minute, I am trying to find a date on this thing somewhere. There was a plea of guilty before there was any ruling on it, but that's — I don't think that would bar proceedings under this statute anyway."
In an effort to support his contention that in the three previous cases there was an application by defendant for youthful offender treatment that was never acted upon by the court, appellant resorts to Rule 10 (f), ARAP and requests that "this Court enter an order directing the Clerk of the Circuit Court to certify a supplemental record containing copies of said omitted petitions for youthful offender benefits." In response to this portion of appellant's brief, appellee says in part in his brief:
 "However, as of this time the State has not received the supplemental transcript which would reflect this fact. In light of this fact the State would request permission to address this issue in a supplemental brief within a reasonable time upon receipt of the supplemental transcript."
We see no basis for the application of Rule 10 (f) to the present situation. The "omitted petitions for youthful offender benefits" were never in the record of the instant case. Rule 10 (f) contemplates material that is in the record of the case in the court below but is omitted from the record or transcript on appeal. Although the petitions for youthful offender benefits appear to be a part of the official records of the *Page 926 same court as the court from which the appeal in this case arose, they are not records in the same case as the case now before us. We make this observation as to appellant's request based on Rule 10 (f) to assure him that we have not overlooked it. It does not constitute a reason for our disagreement with his contention that his three previous felony convictions were insufficient to furnish a basis for the application of the Habitual Felony Offenders Act. We now discuss that contention on its merits.
We agree with appellant's assertion that the trial court owes an affirmative duty to apprise an accused youthful offender of the benefits of the Youthful Offender Act. Morgan v. State,291 Ala. 764, 287 So.2d 914 (1973); Whitfield v. State, 56 Ala. App. 653, 324 So.2d 793 (1975); Clemmons v. State, 294 Ala. 746,321 So.2d 238, aff'g Ala.Cr.App., 321 So.2d 237 (1974); Pride v.State, 55 Ala. App. 575, 317 So.2d 541 (1974), aff'd 294 Ala. 359, 317 So.2d 542.
We do not agree with appellant's apparent contention that in the cases in which appellant had been previously convicted it was obligatory upon the trial court to rule on any application therein for benefits of the Youthful Offender Act before acceptance of a guilty plea. Such contention overlooks the essential proviso of the Youthful Offender Act that he cannot "be investigated and examined by the court to determine whether he should be tried as a youthful offender" unless "he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him." Code § 15-19-1 (a). Neither in the trial court nor on appeal do we find any contention of defendant-appellant, or his attorney, to the effect that he was not fully advised by the trial court as to the benefits affordable to him under the Youthful Offender Act prior to the acceptance by the trial court of his pleas of guilty in the three previous felony cases. The apparent fact that his attorney had filed in each case an application for youthful offender status indicates that he had been informed of such benefits. Under these circumstances, we can only reasonably conclude that in interposing his plea of guilty, after he had previously pleaded not guilty, he voluntarily, knowingly and intelligently abandoned, or impliedly withdrew, his application for treatment as a youthful offender.
We have searched the record in vain for error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.