The petitioner argues that the trial court erred to reversal in failing to inform him of the provisions of the Youthful Offender Act in a timely manner. We disagree. However, we do address this issue for the purpose of clarifying the court's duty in this regard.
Code 1975, § 15-19-1, sets forth the court's duties with respect to application of the Youthful Offender Act, as follows:
 "(a) A person charged with a crime which was committed [before the person *Page 637 
reached the age of 21 years] but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and, if charged with a lesser crime may be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as provided in subsection (b) of this section.
 "(b) After such investigation and examination, the court, in its discretion, may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information; or the court may decide that the defendant shall not be arraigned as a youthful offender, whereupon the indictment or information shall be deemed filed." (Emphasis added).
We recognize that proceedings under the Alabama Youthful Offender Act are substantially different from ordinary adult criminal proceedings. In Baldwin v. State, 456 So.2d 117, 123
(Ala.Crim.App. 1983), affd, Ex parte Baldwin, 456 So.2d 129
(Ala. 1984), the Court of Criminal Appeals stated:
 "In Alabama, the proceedings under the Youthful Offender Act are not criminal in nature and are used to protect persons in a specified age group, who would otherwise be tried as adults, from the harsh consequences of the criminal adjudicatory process. Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975).
 " 'The Youthful Offender Act is intended to extricate persons below twenty-one years of age from the harshness of criminal prosecution and conviction. It is designed to provide them with the benefits of an informal, confidential, rehabilitative system. A determination that one is a youthful offender (1) does not disqualify the youth from public office or public employment, (2) does not operate as a forfeiture of any right or privilege, (3) does not make him ineligible to receive any license granted by public authority, and (4) shall not be deemed a conviction of crime; and (5) the record shall not be open to public inspection except upon permission of the court. Title 15, § 266(6), Code of Alabama.'
 Raines v. State, [294 Ala. at 363, 317 So.2d at 561]. See also commentary in § 15-19-1 through § 15-19-7, Code of Alabama 1975."
The decision to grant or deny an eligible defendant youthful offender treatment is a matter solely within the trial court's discretion. See Code 1975, § 15-19-1. However, § 15-19-1 has been interpreted to impose an affirmative duty on the court to apprise an accused youthful offender of the benefits of the Act. See Clemmons v. State, 294 Ala. 746, 750, 321 So.2d 238,243 (1975); Robinson v. State, 429 So.2d 682, 683
(Ala.Crim.App. 1983); Bledsoe v. State, 409 So.2d 924, 926
(Ala.Crim.App. 1981); and Johnson v. State, 55 Ala. App. 579, 580,317 So.2d 546, 547 (Ala.Crim.App. 1975). The question now being addressed by this Court is when the trial court must advise the youthful offender of the provisions of the Act, or, stated differently, at what point in the criminal process the court has erred to reversal by reason of untimely notice of the Act.
In Clemmons, 294 Ala. 746, 749, 321 So.2d 238, 242 (1975), this Court stated:
 "[O]ur statute requires that the determination to grant or refuse youthful offender treatment be made at a point near the commencement of the criminal action and before entry of a plea."
While we certainly recognize that the trial courtshould inform the youthful defendant of the benefits of the Act as soon in the criminal process as practicable, we also recognize that it is not always reversible error for the trial court to fail to do so. For example, it would be unreasonable to reverse the judgment of the trial court in a case in which the defendant enters a plea of "not guilty," without notice of the Act, but is subsequently informed of the provisions of the Act prior to conviction. Under such circumstances, the defendant has *Page 638 
suffered no conviction under the adult criminal process, which is a primary purpose of the Act, and, thus, has suffered no prejudice by his lack of information. On the other hand, in a case in which the youthful defendant enters a plea of "guilty," without notice of the Act, any subsequent notice by the court would be ineffective. Thus, the defendant, in such a case, would be entitled to withdraw his former "guilty" plea and proceed with his application for youthful offender treatment.[1]
We hold, then, that while a trial court should inform a youthful defendant of the provisions of the Youthful Offender Act prior to the plea stage, its failure to do so will not constitute reversible error if the court gives adequate noticeprior to conviction, unless, of course, the defendant entered a plea of "guilty" to the charges against him, without notice of the Act, or he can otherwise show that he has been prejudiced by the court's delay.[2]
In the present case, the petitioner entered a plea of "not guilty" to the charges against him, and the following morning, after learning that the petitioner was only 20 years of age, the trial court informed him of the provisions of the Act, conducted an investigation, and then denied his application. We are satisfied that the trial court's investigation of the petitioner was adequate and that its decision to deny him youthful offender treatment was not an abuse of discretion. Furthermore, we are unpersuaded that the trial court's delay in this case (i.e., its notifying the petitioner of the provisions of the Act after the plea stage, but prior to the judgment stage) constituted reversible error. The petitioner did not suffer a conviction in this case without first being given the opportunity to apply for youthful offender treatment. Therefore, the petitioner's argument that the Court of Criminal Appeals' decision, 548 So.2d 632, affirming his conviction is in conflict with prior decisions is without merit, and his petition for a writ of certiorari is hereby denied.
WRIT DENIED.
JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] In Coleman v. Alabama, 827 F.2d 1469 (11th Cir. 1987), the court, setting aside the defendant's "guilty" pleas on the basis that he never received notice of the provisions of the Alabama Youthful Offender Act, stated:
 "[T]he important consequences that the Youthful Offender Act has on a defendant's conviction and its later impact would so greatly affect his decision of whether to plead guilty to the offense or request consideration for youthful offender treatment that failure to ensure the defendant has knowledge of the provisions of the Youthful Offender Act precludes the defendant's guilty plea from being made with full knowledge as required by the due process clause of the federal constitution."
Id., 827 F.2d at 1473-74.
 "[The defendant] was entitled to be advised of his eligibility to request consideration for youthful offender treatment in both 1972 and 1977. The trial court's failure to perform its mandatory duty under the Act to so inform [the defendant] violates his federal due process rights under the Fourteenth Amendment and mandates that his guilty pleas be set aside."
Id., 827 F.2d at 1475.
[2] This construction has already been adopted by the Court of Criminal Appeals in Turner v. State, 432 So.2d 4
(Ala.Crim.App. 1983), in which it held that where a youthful defendant pleads not guilty, without being informed of the provisions of the Act, but is subsequently informed of the Act prior to conviction, the trial court's judgment will not be reversed on this basis.