The appellant, Alooma Russell, was convicted of first-degree robbery, a violation of § 13A-8-41, Ala. Code 1975, and attempted murder, a violation of §§ 13A-4-2 and 13A-6-2, Ala. Code 1975. He was sentenced to 30 years' imprisonment for each conviction; those sentences were to run concurrently. He was also ordered to pay an assessment of $7,551; $50 to the Alabama Crime Victim's Compensation Fund; $2,100 in restitution; and all court costs and attorney fees. This appeal followed.
The record reveals that, on October 20, 2001, Shamrika Burgess and Mahmoud "David" Delbar were working at the Corner Express convenience store, preparing to close the store for the evening, when a young man walked through the door wielding a gun. He was wearing a stocking over his face and a toboggan cap on his head. Delbar inquired what the man wanted, immediately recognized him as Russell, and said, "I know you." Russell then shot Delbar in the chest. Russell proceeded to the cash register, and, incurring difficulty in opening the drawer, pointed the gun to Burgess's head. She did not know how to open the register and was afraid the gunman was going to kill her. Delbar then pleaded with Russell to let Burgess go and he would open the register. Burgess ran out of the store while Delbar struggled to open the register. Russell pointed the gun at Delbar, grabbed the money that was in the cash register, and ran out of the store.
Delbar was able to call emergency 911 and was transported to the hospital for treatment of his gunshot wound. Law enforcement was dispatched to secure the scene, to gather evidence, and to interview the witnesses. Physical evidence in the form of a sweatshirt worn by Russell, a surveillance video obtained from the store, and physical and voice identification obtained from a live lineup resulted in Russell's arrest for the offenses.
At the Decatur Police Department, Russell was interrogated by Detective Sergeant Gary Walker, who took a written statement from Russell. Although Russell denied committing the crimes, he told Detective Walker to add to the statement that "Alooma Russell did not rob that place . . . he did not shoot [Delbar] . . . and he did not put a gun to [Burgess's] head." (R. 138) Detective Walker found the comment inculpatory, in that nothing had been mentioned to Russell about those particular details of the crime, nor was Detective Walker aware of any press outlet that would have obtained the information.
On appeal, Russell argues first that the trial court failed to apprise him of his right to request youthful-offender status; thus, he says, his conviction is due to be reversed. *Page 436 
Section 15-19-1, Ala. Code 1975, sets forth the court's duties with respect to the application of the Youthful Offender Act:
 "(a) A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and, if charged with a lesser crime may[,] be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as provided in subsection (b) of this section.
 "(b) After such investigation and examination, the court, in its discretion, may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information; or the court may decide that the defendant shall not be arraigned as a youthful offender, whereupon the indictment or information shall be deemed filed."
This Court recognizes that proceedings under the Youthful Offender Act are substantially different from ordinary adult criminal proceedings. In Baldwin v. State, 456 So.2d 117,123-24 (Ala.Crim.App. 1983), we held:
 "In Alabama, the proceedings under the Youthful Offender Act are not criminal in nature and are used to protect persons in a specified age group, who would otherwise be tried as adults, from the harsh consequences of the criminal adjudicatory process. Raines v. State, 294 Ala. 360, 317 So.2d 559
(1975).
 "`The Youthful Offender Act is intended to extricate persons below twenty-one years of age from the harshness of criminal prosecution and conviction. It is designed to provide them with the benefits of an informal, confidential, rehabilitative system. A determination that one is a youthful offender (1) does not disqualify the youth from public office or public employment, (2) does not operate as a forfeiture of any right or privilege, (3) does not make him ineligible to receive any license granted by public authority, and (4) shall not be deemed a conviction of crime; and (5) the record shall not be open to public inspection except upon permission of the court. Title 15, § 266(6), Code of Alabama.'
 "Raines v. State, [294 Ala. at 363, 317 So.2d at 561]. See also commentary in § 15-19-1 through § 15-19-7, Code of Alabama 1975."
The decision to grant or to deny an eligible defendant youthful-offender treatment is a matter solely within the trial court's discretion. See § 15-19-1, Ala. Code 1975. However, § 15-19-1 has been interpreted to impose an affirmative duty on the court to apprise an accused youthful offender of the benefits of the Act. See Clemmons v. State, 294 Ala. 746, 750,321 So.2d 238, 243 (1975); Robinson v. State, 429 So.2d 682, 683
(Ala.Crim.App. 1983); Bledsoe v. State, 409 So.2d 924, 926
(Ala.Crim.App. 1981); and Johnson v. State, 55 Ala.App. 579,580, 317 So.2d 546, 547 (Ala.Crim.App. 1975).
 "The usual procedure mandated by the Youthful Offender Act is that the court advise the youthful offender of the existence and advantages of the Act before any trial has begun, thus allowing the offender the option of whether to incur the background investigation, or proceed *Page 437 
with a trial by jury. § 15-19-1, et seq., Code of Alabama 1975; Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975); Johnson v. State, 56 Ala.App. 582, 324 So.2d 297, cert. denied, 295 Ala. 407, 324 So.2d 305 (1975). But where this has not been done, and the offender has proceeded to trial and been found guilty by a jury, a complete reversal has not been mandated by our appellate courts; instead, the cause is remanded to the trial court so that the proper procedures might be implemented."
Prince v. State, 392 So.2d 853, 855-56 (Ala.Crim.App. 1980).
The record reflects that Russell was 19 years old when the offense was committed; thus, he was eligible to request treatment as a youthful offender, pursuant to § 15-19-1, Ala. Code 1975. The record does not, however, show that the trial court notified Russell of his right to seek application of the Youthful Offender Act. The State requests that we remand this case to the trial court for a determination as to whether Russell was notified of his eligibility for youthful-offender status.[1] We agree that a remand is necessary.
Therefore, based on Clemmons v. State, supra, we remand this case for the trial court to make findings of fact consistent with this opinion. If it is determined that Russell was not properly informed of his right to seek youthful-offender treatment, an investigation should be conducted to determine whether Russell is qualified for youthful-offender status, following the instructions enumerated in Clemmons, supra. If Russell qualifies for youthful-offender treatment, his conviction should be reversed, and he should be afforded youthful-offender treatment. If the trial court, in its discretion, determines that Russell is not qualified to be treated as a youthful offender, then the failure of the trial court to advise him of his rights before his conviction was harmless error and his conviction should be affirmed.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] The State, in its brief on appeal, contends that information exists to show that Russell was advised of his right to seek youthful-offender status under a different criminal case number and the record in that case would reveal both the application for youthful-offender status and the denial of Russell's request. However, the State acknowledges, and we agree, nothing in the record before us confirms this.
* Note from the reporter of decisions: On May 21, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 18, 2004, that court denied rehearing, without opinion. On September 17, 2004, the Supreme Court denied certiorari review, without opinion (1031541).