Ernest L. Sighorelli, J.
An information was lodged against the defendant, a 17-year-old youth, charging him with having committed a simple assault on' a school teacher. The defendant pled not guilty and demanded a trial by jury. Prior to the commencement of the picking of the jury, the court inquired of counsel as to the reason for the defendant’s not making an application for youthful offender treatment, and counsel then proceeded to explain to the court that after having conducted a lengthy interview with the defendant and his father, his efforts *239 to convince the defendant to apply for youthful offender treatment were to no avail. In addition thereto, counsel then procured an executed statement to the effect that he had so advised the defendant to make this application, and that the defendant declined to take his counsel.
A jury trial was then had, and the jury, after hearing testimony for two days, proceeded to find the defendant guilty as charged. The matter was accordingly then set down for sentencing, and prior to the date fixed for sentencing, the defendant made application to the court for youthful offender treatment pursuant to section 913-e of the Code of Criminal Procedure.
The defendant, in support of this motion, maintains the defendant was improperly influenced by his father, who exercised poor judgment in refusing to permit his son to make youthful offender application. It is the defendant’s position further that the court should have interceded and made inquiry concerning defendant’s refusal to seek youthful offender treatment. The court sought to do this when it made inquiry of counsel concerning this matter, and elicited from counsel the foregoing explanation. The court was satisfied, therefore, that the defendant’s right to apply for youthful offender treatment had been fully explained to him. It would seem reasonable that the court has the right to rely on any statement made by experienced and able counsel that his client was fully apprised of his rights pursuant to the youthful offender treatment article of the Code of Criminal Procedure.
Youthful offender treatment is given as a matter of discretion by the court, and is a matter of privilege. It is not given as a matter of right. The defendant cannot be compelled against his consent to be tried under youthful offender procedures if he chooses to stand trial in the conventional manner.
Actually, what this motion essentially amounts to is that it really is an application for a writ of error coram nobis which may be made to vacate a judgment of conviction on the grounds that the defendant has been deprived of substantial justice, predicated upon an error which does not appear on the record. It, in effect, is construed to be an emergency measure employed for the purpose of calling up facts unknown at the time of judgment.
In the case at bar, judgment in effect has not been rendered by the court, and even if the defendant could conceivably make an application for a writ of error coram nobis, it would be premature.
In addition to all of the foregoing, to set aside a jury verdict in this case, where there is no discernible error committed, would be an improvident exercise of discretion by the court, and would *240 be making a sham of the jury system. It would indeed be unwise for the court to permit the defendant in this instance, to be charged as a youthful offender after he had elected to not avail himself of this treatment and to be tried as an adult. It would in fact give the defendant two opportunities to vindicate himself, whereas by law, he is entitled only to one.
Accordingly, the court is constrained to deny this motion in all respects.