Ellsworth N. Lawrence, J.
The question here is whether an indicted defendant, under 19 at the time of the commission of the alleged crime, may apply to be considered for youthful offender treatment without a recommendation therefor from the Grand Jury or the District Attorney, and against the District Attorney’s objection.
As the statute (Code Crim. Pro., § 913-g) also authorises the court, on its own motion, to decide whether a defendant be investigated for the purpose of determining eligibility, the present application must be considered as an application to the court to order such an investigation on its own motion.
There is no statutory authority in the Youthful Offender Law (Code Crim. Pro., § 913-e et seq.) for an application by a defendant for treatment as a youthful offender. Indeed, it has been held in People v. Hines (24 Misc 2d 484) that no “ vehicle ” was provided in such law to stimulate the exercise of the court’s discretion. The court suggested there that any such relief should come from the Legislature and not from the courts.
It is clear that such statement in Hines was dicta because no recommendation or any application had been made there prior to conviction. The issue was raised thereafter by coram nobis on the claim that through ‘ ‘ oversight ’ ’, the defendant had not been given an opportunity to be treated as a youthful offender. Hence the affirmance on appeal of the denial of coram nobis *181 relief necessarily was predicated on a determination that there was no post-conviction remedy.
While my research has not been exhaustive, I have found opinions reaching a contrary result to that expressed in the dicta in Hines.
In People v. Johnson (32 A D 2d 968) the Second Department treats an application by a defendant as one properly to have been made, although the procedure thereafter was determined to have been prejudicial.
In People v. Bond (36 Misc 2d 557), there is dicta to the effect that the youthful offender statute confers a privilege on a defendant to petition for youthful offender treatment, although the opinion points out that a defendant has no right to be so treated merely because he is of proper age.
In People v. Marino (51 Misc 2d 238), the application is said to be one of ‘ ‘ right ’ ’, the court in the first instance having asked the defendant why he had not so applied. The court’s expression of that opinion is also dicta, however, in that the defendant declined to accept such treatment until after conviction, whereupon he did apply. The subsequent application was held to have been made too late. Matter of Zivin v. District Ct. of County of Nassau (19 Misc 2d 21) is not authority here. In that case, while the defendant did apply for youthful offender treatment, the District Attorney also recommended it.
Matter of Tschornyi v. County Ct. of County of Tompkins (283 App. Div. 910) was a case where the court directed an investigation on its own motion and after a probation report, denied the application. WTdle the case is authority for the considerations to be weighed in determining eligibility, it is not in point on the narrow question here presented of whether the defendant in the first instance may apply to the court to order an investigation on its own motion.
In People v. Towler (30 A D 2d 876) the defendant was offered youthful offender treatment on condition that he plead guilty. He did not do so. On appeal from the later conviction, the Appellate Division reversed on the ground that a condition that the defendant plead guilty could not be attached to the offer. While it is interesting that the appellate court examined the probation report and determined therefrom that the defendant should be offered youthful offender treatment in subsequent proceedings (holding that a determination of ineligibility from such report would be an improvident exercise of discretion), the case is not authority on the question now before me.
*182 We now turn to policy considerations. Keeping in mind the “ benign purpose ” of the statute (People v. Johnson, 32 A D 2d 968, supra) and the problems that had arisen prior to its enactment (see People v. “ Y.O. 2404 ”, 57 Misc 2d 30), I hold that any defendant who falls within the provisions of section 913-e of the Code of Criminal Procedure (by being within the proper age and not being charged with an offense therein enumerated) may apply to the court. Such application is necessarily one praying that the court on its own motion direct an investigation to determine eligibility.
Thus far I have determined merely that such a defendant may always apply, not that the application will always be granted.
Such application in my view should be made by the defendant himself and should be in writing (unless the District Attorney forthwith files a written recommendation for such treatment). The application need not be verified.
The written application by the defendant himself may, if he or his' counsel so elects, be accompanied by supporting affidavits.
In his written application the defendant, unless he elects to the contrary, need not disclose anything that would constitute an admission, for such could be used against him at a trial.
The defendant’s application should preferably be on notice to the District Attorney. If not, the District Attorney should be allowed a reasonable time within which to submit a statement in opposition, if so advised. This need not be verified.
The reason that the practice should be so demarked, I believe, lies in the nature of youthful offender procedure. As pointed out in People v. Gambella (56 Misc 2d 928), an information by the District Attorney accusing a defendant of being a youthful offender need not be verified.
The application here is in writing. It is made by the defendant. It is not verified. An affidavit of defense counsel is also submitted, as is one by the defendant.
The question of whether an investigation should be ordered in any case must be determined by the information available to the court at the time it is made. To use an old legal concept, each such application searches the record.
Hence the court at this stage has before it not only the application and supporting papers and the statement, if any, by the District Attorney in opposition. Clearly there is also before the court at such time not only the indictment but also any preceding information and -depositions and, where there has been a preliminary examination, the entire proceedings thereof, including a transcript of the evidence. There would also be before the court any other legal proceeding had in connection *183 with the case. Such would include, but would not be limited to, the entire proceedings of any Huntley hearing had prior to that time.
I find here that the defendant has complied with the requisites I believe essential to his application. It remains to consider the particulars.
The defendant and another have been jointly indicted for criminal possession of a dangerous drug, fourth degree. At the date of the alleged commission, this crime was a Glass D felony.
The drug (cannabis) was seized by the State Police on a search warrant. A police officer had laid the information therefor. The officer’s application for the warrant was based on information from a confidential informant.
The drug was seized when the defendant and codefendant were on a public highway in a car owned by this defendant’s father. The codefendant was driving the car, this defendant being a passenger. Cannabis was found in the car. Illegal drugs were found on the person of the codefendant.
This defendant is 18, a college freshman. Taking his application as true (as I think we must at this stage of the case), he has never previously been convicted, arrested or in trouble with the law.
The test of whether a court should order an investigation to determine whether a youth is eligible for youthful offender treatment may very well depend on considerations other than those before the court when the probation report of the investigation shall have been submitted.
We must, I think, at the current stage, take as being true any statement (certainly any uncontroverted statement) as to his previous reputation and attitude toward society. These are two of the three elements suggested in Matter of Tschornyi v. County Ct. of Tompkins County (283 App. Div. 910, supra). (The third element is the nature of the crime charged.)
This approach is fundamentally fair to the defendant. It presents his application to the court in its most favorable light.
Aside from fundamental fairness, I think on policy that this approach should be required because this application is not unlike a motion which searches the record, taking the facts alleged as being true for the purpose of the motion and applying the law thereto.
In final analysis each application stands on its own merits. Here I determine that an investigation should be ordered.
By statute the indictment must be held in abeyance until the probation report shall have been examined by the court and determination made therefrom.