724

275 So.2d 702

**Otis BALDWIN, Jr.**

v.

**STATE.**

**2 Div. 83.**

Court of Criminal Appeals of Alabama.

Dec. 12, 1972.

Rehearing Denied Jan. 23, 1973.

Jackson, Sikes & Morris, Selma, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Second degree murder: sentence, twenty years.

I

On direct examination of the State's witness, Otis C. Moorer, Jr., we find in part:

"Q Where were you at approximately 9:00 or 9:15 P.M.? [June 30, 1970]

A I had stopped at the Trackside service station out there to get some gas.

Q Anything unusual happen while you were there?

A Well, I heard some shots while the attendant was putting gas in the car and

I walked over to the water box where I could get a drink of water and when I got back there he said, 'That man there done shot that one down yonder.' And I saw car lights down there and the lights were shining this way about 50 yards from the station, and by that time I smelled the gun powder because a little wind was blowing, and after he got my gas I drove on down there and pulled off the road.

Q Did you see anybody at the car?

A Not until I got there, it was a body lying down in the car." (Bracketed matter added.)

On cross examination of the same witness the record shows pertinently:

"Q And you didn't see—you didn't see the pistol fired or the Defendant leave or anything of that nature?

A No, I didn't pay any attention to it, that man was pumping my gas when I walked back over there to pay him and he said, 'That man done shot that one down there,' and I said, 'What?'

Q You personally didn't see it?

A No, I didn't."

On redirect we find the following:

"BY MR. FAILE: [Dist. Atty.]

Q Now, what did you say when that man said, 'That fellow done shot that one down there?'

A Yes.

Q What did you say?

A I said, 'Well, how do you know that?' And he said, 'Well, I saw him get out and put the gun right inside the car there and shoot.'

"MR. SIKES: [defense counsel]

Your Honor, we object to that and ask that it be stricken and the jury be instructed to disregard it.

"MR. FAILE:

He asked a question and the witness didn't finish answering it. I just proposed [sic] him with an opportunity to finish his answer.

"MR. SIKES:

If it please the Court, the question that Mr. Faile just asked didn't have anything whatsoever to do with my previous question.

"MR. FAILE:

I will rely on the record for that.

"THE COURT:

I will overrule the objection.

"MR. SIKES:

We except.

"MR. FAILE:

That's all the questions I have." (Bracketed matter added.)

In brief we are asked to stamp the court's ruling with reversible error. However, in view of the lack of earlier objections to the hearsay elicited we consider that little or no prejudice was occasioned by the failure of the court to strike out the response, "Well, I saw him get out and put the gun right inside the car there and shoot." Supreme Court Rule 45.

II

Having considered the entire record under Code 1940, T. 15, § 389 we conclude that the judgment below is due to be

Affirmed.

All the Judges concur.