275 So.2d 704

**In re Otis BALDWIN, Jr.**

**v.**

**STATE.**

**Ex parte Otis Baldwin, Jr.**

**SC 250.**

Supreme Court of Alabama.

April 5, 1973.

Jackson, Sikes & Morris, Selma, for petitioner.

No brief from the State.

McCALL, Justice.

Petition for writ denied.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and FAULKNER, JJ., concur.

HEFLIN, C. J., and JONES, J., dissent.

HEFLIN, Chief Justice (dissenting):

This is a petition for a writ of certiorari to the Court of Criminal Appeals, 49 Ala. App. 724, 275 So.2d 702 where the petitioner-appellant-defendant's conviction for second degree murder was affirmed. The single issue before this court is whether

the trial court erred to reversal in allowing, over objection, the introduction of certain hearsay evidence.

The evidence in question was elicited from one Otis C. Moorer, Jr., a witness called by the district attorney. Mr. Moorer testified that at approximately 9:00 p. m. on the night of the murder, while stopped at a Trackside service station for gas, he heard shots, and that the attendant said to him, "[t]hat man there done shot that one down yonder." He testified further that after getting his gas he drove down to a car which was parked some 50 yards from the service station and observed a body lying down in the car. When asked on cross examination if he had seen the pistol fired or the defendant leave, he replied, "[n]o, I didn't pay any attention to it, that man [the attendant] was pumping my gas when I walked back over there to pay him and he said, 'that man done shot that one down there', and I said, 'What'."

On redirect examination the district attorney asked the witness:

"Q. Now, what did you say when that man [the attendant] said, 'That fellow done shot that one down there'?

"A. Yes.

"Q. What did you say?

"A. I said, 'Well, how did you know that'? And he said, 'Well, I saw him get out and put the gun right inside the car there and shot'."

This response was immediately followed by an objection by defense counsel and a motion to exclude the answer. The trial court overruled and an exception was taken. Clearly the answer was hearsay, as well as not being responsive to the question.

The Court of Criminal Appeals affirmed this ruling, basing their opinion on Supreme Court Rule 45, holding that there was no prejudice occasioned by the admission into evidence of the hearsay statement. The reasoning is as follows: there was no objection to the earlier hearsay evidence admitted in the case, therefore, there was no prejudice suffered by the defendant as a result of the later admission of other hearsay evidence. The Court of Criminal Appeals seems to have found some waiver provision in Rule 45 which, to my knowledge, is not to be found within that rule.

While recognizing that this court will not review the application of Rule 45 by either the Court of Criminal Appeals or Court of Civil Appeals, what we have here is not an application of Rule 45, but a holding that the petitioner-appellant-defendant had waived his right to object. One does not waive his right to object to, or move to exclude, hearsay evidence, by a failure to object to earlier hearsay; the prior failure does not render the subsequent hearsay statement any less objectionable. Lowery v. Jones, 219 Ala. 201, 121 So. 704 (1929); 3 J. McElroy, Law of Evidence in Alabama § 426.01(20)(2d ed. 1959).

The effective trial of a lawsuit under our adversary concept demands a trial lawyer use the tools of his trade to fit the case. One of his tools is an objection. Another tool is the motion to exclude. The intelligent decision to refrain from objecting to even illegal or hearsay evidence is the mark of a skillful trial practitioner on occasions. Trial lawyers sometimes have to gamble on answers to questions calling for hearsay. If the answer is harmful, the tool labeled "Motion to Exclude" can be employed. To minimize the use of these tools adds to the erosion of the adversary system. Therefore, I would grant the writ in this case.

JONES, J., concurs in the foregoing dissent.