321 So.2d 238

**In re Jesse Ray CLEMMONS**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 1050.**

Supreme Court of Alabama.

May 22, 1975.

Rehearing Denied June 19, 1975.

Faulkner, J., concurred in part and dissented in part and filed opinion.

Almon, J., did not sit.

William J. Baxley, Atty. Gen. and John M. Gruenewald, Asst. Atty. Gen., for the State.

H. Edward McFerrin, Greenville, for respondent.

SHORES, Justice.

Defendant, Jesse Ray Clemmons, was indicted by the Grand Jury of Butler County, Alabama, on May 9, 1973, for first degree murder. He was found guilty of second degree murder and was sentenced to thirty years in the penitentiary. He appealed to the Court of Criminal Appeals, which remanded the case to the circuit court for an investigation and examination of the defendant at a hearing for a determination to be made by the trial court whether, in its discretion, he should be treated as a youthful offender under Tit. 15, §§ 266(1)–(6), Code.

The State filed a petition for writ of certiorari which we granted because of the apparent conflict between *Morgan v. State*, 291 Ala. 764, 287 So.2d 914 (1973); and *Armstrong v. State*, 49 Ala.App. 720, 275 So.2d 698 (1972), cert. den. 290 Ala. 256, 275 So.2d 702 (1973).

The record shows that the defendant was nineteen years old at the time of the commission of the act and twenty years old at the time of the trial. There is nothing in the record to indicate that the defendant asked to be treated as a youthful offender under the statute, or that the Youthful Offender Act was called to his attention by the trial court.

Squarely presented, therefore, is the question of whether it is mandatory for the trial court to call the Act to the attention of the defendant, as dictum in *Morgan,* supra, seems to indicate, or whether *Armstrong,* supra, controls, which held that the defendant could not raise for the first time on appeal the failure of the trial court to afford him the benefit of the Youthful Offender Act.

The statute provides:

"§ 266(1). Investigation by court; consent of minor to examination and trial without jury; arraignment as youthful offender.—A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall —and, if charged with a lesser crime, may—be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as herein provided. After such investigation and examination, the court in its discretion may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information; or the court may decide that the defendant shall not

be arraigned as a youthful offender, whereupon the indictment or information shall be deemed filed."

In *Morgan*, supra, the following statement appears:

"The Act therefore charges the trial judge with the duty to refer any person under 21 years of age, whose case has not been disposed of in the juvenile court and who is charged with a crime involving moral turpitude or is subject to a sentence of confinement for one year or more, to a probation officer to make such investigation requested by the court. Referral in such event is not discretionary, but mandatory, on the part of the trial judge. After the investigation, if the youth consents to examination by the court and trial without a jury, and the court so decides, no further action is taken on the indictment or information unless ordered by the court. After investigation and examination, it is within the discretion of the trial judge whether the youth shall be tried as a youthful offender. The duty is upon the trial judge to call the Act to the attention of the youthful offender, just as much as it is the duty of the trial judge to explain to a defendant his constitutional rights when he enters a plea of guilty." (291 Ala. at 765, 287 So.2d at 915)

The language of the statute is clear that a person charged with a crime committed in his minority (and not disposed of in juvenile court and) which involves moral turpitude or is subject to a sentence for one year or more *shall* be investigated and examined by the trial court to determine whether he should be afforded youthful offender status. The defendant must consent to the investigation and examination.

We have been cited to no statute from any other state which makes such an investigation and examination mandatory if the defendant consents. A similar New York statute, which has now been repealed and replaced by a much more workable one, reads in part as follows:

" . .. . In any case where a grand jury has found an indictment and it shall appear that the defendant is a youth, the grand jury or the district attorney may recommend to the court to which the indictment was returned . : . that the defendant be investigated for the purpose of determining whether he is eligible to be adjudged a youthful offender.

. . . . . .

"3. *If the court approves the recommendation* of the grand jury or the district attorney, *or, if the court on its own motion determines that the defendant should be investigated* hereunder . . . the indictment . . . shall be held in abeyance . . ." (Emphasis Supplied) The Code of Criminal Procedure, § 913–g.

It is obvious that the New York statute left the determination to order an investigation to the discretion of the trial court. *People v. Roberts*, 35 A.D.2d 760, 315 N.Y.S.2d 208 (1970); *People v. Judd,* 61 Misc.2d 180, 305 N.Y.S.2d 316 (1969).

■ While our statute seems to require an investigation in certain cases, we do not read it to require the trial court to order an investigation *by a probation officer* in every case. In fact, § 266(5) of Tit. 15 places a duty on the probation officers to make such investigations as *requested* by the court. We read this to mean that referral to the probation officer for an investigation is a discretionary matter with the trial court, not mandatory as *Morgan* seems to suggest.

■ As we read the statute, the requirement that an investigation be made means only that the trial court should conduct or order such investigation as is necessary in each case, including an investigation by the probation officer, if it sees fit, but not necessarily, for the development of such facts as are required for a determination of whether the defendant is eligible for youthful offender treatment.

Obviously, the court will not require an investigation by a probation officer in every case. In many cases, sufficient facts for a determination will be available without a probation officer's report.

■ The court would naturally consider such matters as the nature of the crime charged, prior convictions, or absence thereof—all of which can be ascertained without a lengthy, time consuming investigation by the probation officer.

■ We do not believe the legislature intended that each case must be referred to a probation officer for an investigation. Nor do we read the statute to require a full, formal hearing in every case. All that is required of the trial court, assuming the defendant consents, is such investigation and examination of the defendant as is sufficient to enable the judge to make an intelligent determination of whether, in his discretion, the defendant is eligible to be treated as a youthful offender, rather than being tried, and if found guilty, sentenced in the normal criminal process.

Most of the states which have attempted to deal with the matter of older adolescents charged with crime follow the English system under which no step in the youthful offender process is taken until conviction. Cal.Welf. & Inst'ns Code, § 1700 et seq., (Deering Supp.1971); Mass.Ann.Laws, Chap. 120 (Supp.1971); Minn.Stat.Ann., § 242.01 et seq., (Supp.1971); Wis.Stat., § 54.01 et seq. (1969). At that stage, those courts order a presentence investigation. Thereafter, and prior to pronouncing sentence, the court declares its finding on the youthful offender issue. This procedure is said to serve the primary purpose of the youthful offender process, which is to avoid, if feasible, conviction of the young offender for a "crime" and therefore save him the stigma attending criminal conviction.

However, our statute requires that the determination to grant or refuse youthful offender treatment be made at a point near the commencement of the criminal action, and before entry of a plea.

Unlike the New York statute, however, ours requires the consent of the defendant before the trial court is under the statutory mandate to investigate and examine him. Sequentially, then, the first step that the trial court takes under the scheme of the statute is to advise the defendant that he might be eligible for youthful offender treatment, but before a final determination on that issue can be made, the defendant must decide whether he consents to an investigation and examination. If the defendant does not consent to the investigation and examination, this ends the matter and trial on the indictment or information proceeds. If he does consent, meaningfully —which necessarily assumes that the statute is explained to him, either by his counsel or the court (*People v. Marino,* 51 Misc.2d 238, 273 N.Y.S.2d 5), and the court is of the opinion that the consent was voluntarily and intelligently made, it then makes or orders such investigation as it deems necessary and holds the examination. Then the court decides, in the exercise of sound discretion, whether the defendant, based upon such investigation and examination, should be treated as a youthful offender under the statute.

■ In the present case, the defendant has been tried by a jury and found guilty.[1] He has been sentenced to the penitentiary. He was never apprised of the fact that he might be treated as a youthful offender under the statute. Therefore, on remand, the trial court should bring the defendant before it, should inform him of the provisions of the Youthful Offender Act, and that, if he desires, he may consent to an investigation and examination.[2] If the defendant does not consent to the investiga-

1. See *Ex parte Raines* (*In re Raines v. State,* 294 Ala. 360, 317 So.2d 559, this day decided, treating the jury trial issue.

2. *Raines,* supra, contains a commendable procedure, which may be helpful in appropriate situations.

tion, the judgment of conviction stands. If he does consent, the trial judge should initiate such investigation as he deems necessary. Upon completion of the investigation, he should then proceed to examine the defendant. If, in his discretion, he determines that the defendant is entitled to youthful offender treatment, the sentence imposed in the murder case should be set aside, and the defendant should be afforded youthful offender treatment under the provisions of the statute. If, after the investigation and examination, the court determines that the defendant is not entitled to youthful offender treatment, the judgment of conviction and the sentence imposed stand.

If, by reason of failure of the defendant to consent to the investigation and examination, or by reason of the trial court's finding, after such investigation and examination, that he is not entitled to youthful offender treatment, the defendant has the right to renew his appeal in the Court of Criminal Appeals, which has retained jurisdiction of the cause, for a decision on the points not heretofore reviewed in that court on the original appeal.

To the extent that *Armstrong,* supra, is in conflict herewith, it is overruled. We disagree with the statement in *Morgan,* supra, set out above, that referral to a probation officer is mandatory. Nor do we believe, as *Morgan* can be read to suggest, that the requirement that the Youthful Of-

fender Act be called to the defendant's attention is mandated by the Constitution of the United States, or the Constitution of the State of Alabama. As we read the Act, this requirement is mandated by the Legislature.

Affirmed.

HEFLIN, C. J., MERRILL, BLOODWORTH, MADDOX, JONES and EMBRY, JJ., and COLQUITT, Circuit Judge, sitting specially, concur.

FAULKNER, J., concurs in part and dissents in part.

ALMON, J., not sitting.

FAULKNER, Justice (concurring in part and dissenting in part).

I concur in the result reached by the majority. But, I am still of the opinion that the investigation should be made by a probation officer. He is the most logical person under our system of criminal justice to conduct the investigation. It is not the duty of a trial judge to make investigations. His duty is to judge. I do not believe the legislature intended that the trial judge act as judge, investigator, and probation officer.

The majority opinion opens the gates for appeals which will be based on abuse of discretion on the subject of investigation of the youthful offender.