SHORES, Justice.
We granted certiorari in this case because of an alleged conflict between the opinion of the Court of Criminal Appeals and the opinion of this court rendered in Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975).
In Clemmons, we held that the Youthful Offender Act, Title 15, § 266(l)-(6), Code, required the trial court, when dealing with a young person, as defined in that Act, to call the provisions of the Act to the attention of defendant, and point out to him that, if he desired, he could consent to an investigation and examination as set forth in that Act.
In the instant case, the Court of Criminal Appeals has reversed and remanded the conviction of the defendant, because nothing in the record indicates that the trial court stated to the defendant the specific special advantages that he would have by being treated as a youthful offender. The Court of Criminal Appeals points out that:
. . It is clear that he was apprised of his right to ask to be considered as a youthful offender, but he was not made aware of the benefits afforded him under the Youthful Offender Act. There is nothing in the record even to indicate that defendant was apprised of the fact that by being tried as a youthful offender the limit of any punishment that could be imposed upon him was three years, without the stigma of a conviction for a crime, especially a crime involving moral turpitude, as the crime of robbery in *1133 volved in this case is, as opposed to a minimum imprisonment in the penitentiary for ten years, with no maximum.”
In Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975), the record indicated that the trial court, at arraignment, advised the defendant of his “youthful offender” rights. The opinion in Raines re-stated those rights, by listing seven “rights” which were explained to the defendant. The court also observed that “the trial court’s explanation of the defendant’s rights under the Act is set out in order that we might commend this procedure for use by trial courts in appropriate situations.” (294 Ala. at 363, 317 So.2d at 561.)
It is obvious that the Court of Criminal Appeals reversed the conviction in the instant case because the record fails to disclose that the trial court explained all of the rights set out in Raines. The question is whether this requires reversal, as the Court of Criminal Appeals held, where the record also shows, as set out in the opinion of the Court of Criminal Appeals, that:
“. . . there was an extended colloquy [in chambers] among the court, defendant, defendant’s attorney and defendant’s mother relative to whether defendant desired to be ‘considered as a Youthful Offender’, in which it was shown that, at a previous hearing before another judge of the trial court, defendant had positively stated that he didn’t wish to be tried as. a youthful offender, saying, T didn’t want to be tried as a Youthful Offender. I wanted to go before the Jury’. The supplemental transcript further shows that there was no definite change of desire or opinion by defendant on the subject, but it also discloses that the last words said by defendant with reference to the matter was as shown by the following excerpt:
“ ‘THE COURT: But in that event if you had done that, then, you would have been tried by a Judge. Did you know that?
“ ‘DEFENDANT: Yes, sir.
“ ‘THE COURT: And is that why you say you didn’t want it?
“‘DEFENDANT: I am confused on this.
“ ‘THE COURT: Because you wanted to be tried by a Jury?
“‘DEFENDANT: I reckon. I don’t for sure . . . ’
“Immediately thereafter, defendant’s attorney interposed a statement, in which the mother of defendant joined, to the effect that it was the attorney’s ‘advice to the mother and the mother and I have discussed it and the boy and I have discussed it and we all came to this — to the educated conclusion that it would be better not to waive our constitutional right to a trial by a Jury of our peers’. The court thereupon, after noting knowledge-ableness of counsel for defendant in his field, particularly on the subject of the Youthful Offender Act, said:
“ ‘So, with that, the Court is satisfied that the Defendant knew that he had the right to ask for a consideration by the Court as to the Youthful Offender Act and on advice and consultation of his attorney and after a consideration of that right, under our State law, he has elected not to be considered as a Youthful Offender, and he is now before the Court on a charge of robbery with a demand for a Jury trial. So, with that, we will proceed with the Jury trial.’ ”
It is our view that, under the circumstances presented in this case, the requirements of the Act have been complied with. We do not agree with the Court of Criminal Appeals that the Youthful Offender Act requires the record to show that every advantage of the Act has been specifically pointed out to a defendant. Here, the record indicates that the defendant, with advice of his lawyer, and counsel of his mother, as well as the trial judge, has been sufficiently apprised of the existence of the Youthful Offender Act, and his possibility of being treated as a youthful offender thereunder. As was pointed out in Clem-mons, neither the Constitution of the United States nor of this State mandates that defendant be informed of the possible ad *1134 vantage of being extended youthful offender treatment. The legislature passed the statute, which is intended “. . .to extricate persons below twenty-one years of age from the harshness of criminal prosecution and conviction.” Raines, supra, at 363, 317 So.2d at 559. The existence of the Act and its provisions, advantages as well as disadvantages, should be explained to defendants who might be treated under its provisions. We think that has been done in this case, and cannot agree with the Court of Criminal Appeals that the conviction must be reversed because the record does not show that each and every advantage of the Act was explained to the defendant. It should be remembered that not every young offender is entitled to be treated as a youthful offender. It is only after he consents to an examination and an investigation that the trial court is permitted to conduct one. Thereafter, the trial court determines whether to extend to the defendant youthful offender status. Nothing in the Constitution or legislation guarantees youthful offender treatment to all defendants under twenty-one years of age.
We believe the record shows that the defendant has been sufficiently informed of the advantages and disadvantages of the Youthful Offender Act. After consultation with his attorney, the court, and his mother, he declined to be treated as a youthful offender. The seven items listed in Raines were expressly commended to trial courts as a commendable way to explain the Youthful Offender Act to defendants; however, neither that case nor the statute requires that the record reflect that each of those items has specifically been spelled out.
The decision of the Court of Criminal Appeals is reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, MADDOX, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
FAULKNER, J., dissents.