DeCARLO, Judge.
Theft, second degree; ten years.
On the afternoon of February 27, 1980, the appellant and his companion entered the service station of C. C. Golson in Fort Deposit, Alabama, operated by Mr. Lawrence Capps and Mr. Charles Jordan. Mr. Capps used a cigar box to store money for making change on cigarette sales. On the day of the theft, the cigar box contained approximately thirty-five dollars. While Capps and Jordan were outside, the appellant and his companion stole the cigar box of money and ran away. Before appellant and his companion left the premises, Mr. Capps confronted them and he saw the companion “stick something under his jacket.” At that point, Mr. Capps asked the appellant what he had and the appellant replied, “Nothing.” About the same time appellant’s companion ran from the station and appellant followed.
About ten minutes later, Fred H. Stokes, Chief of Police of Fort Deposit, apprehended the two about five hundred feet from the service station. They were taken back to the station where Mr. Capps and Mr. Jordan both identified them as the ones who were in the station just minutes before.
Mrs. Irene Price, who lived in a trailer park behind the station, testified that she observed two men in the cemetery previously. The cemetery was located about three hundred feet from the service station. Mrs. Price saw one of the men pull something from his jacket and throw it away. She called Mr. Capps and told him what she had observed; he subsequently went to the spot and retrieved the cigar box and a piece of paper containing the daily tabulations of money taken from the box, along with a money sleeve. These items were subsequently identified during the trial. In addition, the fingerprints taken from the cigar box were identified as those of the appellant’s companion, Frank Nichols.
I
The appellant was convicted under § 13A-8-4(e), Code of Alabama 1975. That section reads:
“The theft of property which exceeds $25.00 in value, and which is taken from or in a building where said property is sold or stored, constitutes theft of property in the second degree.”
Section 13A-8-l(10) reads:
“Property. Any money, tangible or intangible personal property ...”
The facts presented by the State were sufficient to prove a prima facie case of theft. The State showed that the appellant and his companion knowingly obtained or exerted unauthorized control over property belonging to the Golson Motor Company with the intent to deprive the owner of possession of the money. The amount of property taken exceeded twenty-five dollars in value and was taken from or in a building where it was stored.
*773 The appellant insists that there was no evidence presented to indicate that the money was being “sold or stored.” The record indicates that when Mr. Capps was asked the purpose of the cigar box, he responded:
“A. That’s where I kept my cigar money and the change and money that I took in for cigars, and the money I used to make change with.”
Webster’s Third New International Dictionary, Unabridged Edition, defines “stored” as “collected as a reserved supply, laid away, accumulated, left or deposited in a store, warehouse, or other place for keeping, preservation or disposal.” Clearly, the facts indicate that Mr. Capps was using the cigar box to collect or “store” money from the sales of cigarettes and cigars, and to accumulate a reserved supply of money for making change.
II
The appellant complains that the trial court committed reversible error when it did not advise him on the provisions of the Youthful Offender Act.
The record before us indicates that the appellant was twenty years of age and was never apprised of the fact that he might be treated as a youthful offender under the statute. Therefore, we are compelled to remand this case to the district court of Lowndes County for compliance with the mandate outlined in Clemmons v. State, 294 Ala. 746, 321 So.2d 238; see also Johnson v. State, 56 Ala.App. 582, 324 So.2d 298.
In Clemmons v. State, supra, the court stated:
“Therefore, on remand, the trial court should bring the defendant before it, should inform him of the provisions of the Youthful Offender Act, and that, if he desires, he may consent to an investigation and examination. If the defendant does not consent to the investigation, the judgment of conviction stands. If he does consent, the trial judge should initiate such investigation as he deems necessary. Upon completion of the investigation, he should then proceed to examine the defendant. If, in his discretion, he determines that the defendant is entitled to youthful offender treatment, the sentence imposed . . . should be set aside, and the defendant should be afforded youthful offender treatment under the provisions of the statute. If, after the investigation and examination, the court determines that the defendant is not entitled to youthful offender treatment, the judgment of conviction and the sentence imposed stand.
“If, by reason of failure of the defendant to consent to the investigation and examination, or by reason of the trial court’s finding, after such investigation and examination, that he is not entitled to youthful offender treatment, the defendant has the right to renew his appeal in the Court of Criminal Appeals, which has retained jurisdiction of the cause, ... . ”
Hereby, we direct the trial court to make a supplemental transcript demonstrating its compliance with the mandate outlined in Clemmons v. State, supra, and return it to this court within a reasonable time.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
DeCARLO, Judge.
In compliance with our order, the Lowndes Circuit Court made a return to our remand with a supplemental transcript which demonstrates the requisite compliance with the mandate outlined in Clemmons v. State, 294 Ala. 746, 321 So.2d 238.
Therefore, the judgment of conviction by the Lowndes Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.