Receiving stolen property; fifteen years' imprisonment.
Appellant pleaded guilty to receiving stolen property, a shotgun, earlier the subject of a burglary. The trial judge proceeded through the colloquy as required by Boykin, denied the appellant's application for youthful offender status and sentenced him as an habitual offender to fifteen years. This appeal was taken from the court's denial of youthful offender treatment, alleging an abuse of discretion.
Appellant requested youthful offender treatment for the first time at the sentencing hearing. Appellant admitted three prior felony convictions. The court noted that appellant had applied for treatment as a youthful offender in connection with one or more of his prior cases.
In urging that the trial judge abused his discretion in denying youthful offender status, appellant's counsel contends that the judge "did not make a sufficient inquiry into the background" of Michael Wayne Ware.
At the sentencing hearing the following transpired.
 "THE COURT: October the 9th; so, it would have been prior to the time you were twenty-one. Now, it's my understanding you have previously applied to be treated as a youthful offender; is that correct?
"THE DEFENDANT: Yes, sir.
 "THE COURT: And that's been denied; is that also correct?
 "MR. WOOD: We made no application this time, Judge. In his former cases he had applied for youthful offender and had been denied in those cases."
The court also determined the age of the appellant. The court, after fully advising the appellant of the terms and conditions, requirements and advantages of the Youthful Offender Act, denied appellant's application on the basis of prior felony convictions and the previous denial of youthful offender treatment.
The Youthful Offender Act does not require an investigation and examination by the probation officer in every case.Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975); Watkinsv. State, 357 So.2d 156 (Ala.Cr.App. 1977). The discretion of the judge is almost absolute. Morgan v. State, 363 So.2d 1013
(Ala.Cr.App. 1978).
Some investigation and examination by the trial judge of the appellant must be conducted. The Supreme Court stated inClemmons, supra: *Page 557 
 "The court would naturally consider such matters as the nature of the crime charged, prior convictions, or absence thereof — all of which can be ascertained without a lengthy, time consuming investigation by the probation officer."
We find that the record does reflect the request, investigation, examination or inquiry and that the trial court did not abuse its discretion in its application of the provisions of the Youthful Offender Act. Therefore, the judgment is due to be and hereby is affirmed.
AFFIRMED.
All the Judges concur.