JONES, Justice
(concurring specially).
I have agreed, with some reluctance, to quash the writ; but I feel constrained to write separately to clarify the mandate of the Youthful Offender Act: Code 1975, § 15-19-1.
Defendant’s conviction of first degree robbery and sentence to 20 years’ imprisonment were affirmed without opinion by the Court of Criminal Appeals, 434 So.2d 874. We granted the petition for writ of certio-rari to review that court’s ruling with respect to the propriety of the trial court’s denial to Defendant Mildred Elizabeth Leite of “youthful offender” status.
In February 1982, a Mobile County Grand Jury charged Defendant-with “theft of miscellaneous jewelry ... while ... armed with a deadly weapon, to-wit: a gun .... ” Defendant requested treatment as a “youthful offender.” An investigation was made into her background by a probation *594 officer. At a special hearing before trial, at which Defendant and her counsel, Mr. Box, appeared, the trial judge stated:
“Mr. Box, as I have previously advised you, I have read the Youthful Offender report in this case. I have considered this in view of the prior trial of the accomplice involved in this, and I am denying her request for Youthful Offender status.”
Because this is all that is reflected by the record concerning that hearing (other than a conversation among the judge and respective counsel relating to a setting of the case for trial), I have concurred with the Court’s conclusion that the statutory requisite for an investigation and examination of Defendant has been satisfied. Apparently, the appellate court concluded likewise.
Section 15-19-1, reads:
“(a) A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and, if charged with a lesser crime may, be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as provided in subsection (b) of this section.
“(b) After such investigation and examination, the court, in its discretion, may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information; or the court may decide that the defendant shall not be arraigned as a youthful offender, whereupon the indictment or information shall be deemed filed.”
Defendant’s argument may be summarized as follows: 1) Section 15-19-1 mandates both an investigation and examination of Defendant by the trial court prior to any resolution of “youthful offender” status; and 2) despite his consideration of the probation officer’s report before denying Defendant such status, the trial judge should have conducted some examination of Defendant prior to his decision. We agree; and, if we concluded from the record that no examination of Defendant occurred, we would remand this cause for an appropriate examination and determination of “youthful offender” status.
In Watkins v. State, 357 So.2d 156 (Ala.Cr.App.1977), we find the following:
“The Youthful Offender Act does not require a full, formal hearing or an investigation and examination of the defendant by a probation officer in every case.
“ ‘All that is required of the trial court, ... is such investigation and examination of the defendant as is sufficient to enable the judge to make an intelligent determination of whether, in his discretion, the defendant is eligible to be treated as a youthful offender, rather than being tried, and if found guilty, sentenced in the normal criminal process.’ Clemmons v. State, 294 Ala. 746, 749, 321 So.2d 238, 241 (1975).
“Thus some investigation and examination of the appellant by the trial judge must be conducted before the request for youthful offender treatment can be lawfully denied. Edwards v. State, 294 Ala. 358, 317 So.2d 512 (1975). This examination need not be lengthy or formal and need not proceed under any prescribed form.
“ ‘The court would naturally consider such matters as the nature of the crime charged, prior convictions, or absence thereof — all of which can be ascertained without a lengthy, time consuming investigation by the probation officer.’ Clemmons, supra, 294 Ala. 749, 321 So.2d 241.”
Justice Shores, speaking for this Court in Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975), articulated the following analysis:
*595 “While our statute seems to require an investigation in certain cases, we do not read it to require the trial court to order an investigation by a probation officer in every case. In fact, § 266(5) of Tit. 15 places a duty on the probation officers to make such investigations as requested by the court. We read this to mean that referral to the probation officer for an investigation is a discretionary matter with the trial court, not mandatory as Morgan v. State [291 Ala. 764, 287 So.2d 914 (1973) ] seems to suggest.
“As we read the statute, the requirement that an investigation be made means only that the trial court should conduct or order such investigation as is necessary in each case, including an investigation by the probation officer, if it sees fit, but not necessarily, for the development of such facts as are required for a determination of whether the defendant is eligible for youthful offender treatment.
“Obviously, the court will not require an investigation by a probation officer in every case. In many cases, sufficient facts for a determination will be available without a probation officer’s report.
“The court would naturally consider such matters as the nature of the crime charged, prior convictions, or absence thereof — all of which can be ascertained without a lengthy, time consuming investigation by the probation officer.
“We do not believe the legislature intended that each case must be referred to a probation officer for an investigation. Nor do we read the statute to require a full, formal hearing in every case. All that is required of the trial court, assuming the defendant consents, is such investigation and examination of the defendant as is sufficient to enable the judge to make an intelligent determination of whether, in his discretion, the defendant is eligible to be treated as a youthful offender, rather than being tried, and if found guilty, sentenced in the normal criminal process.

“... [T]he trial judge should initiate such investigation as he deems necessary. Upon completion of the investigation, he should then proceed to examine the defendant. If, in his discretion, he determines that the defendant is entitled to youthful offender treatment, the sentence imposed in the murder case should be set aside, and the defendant should be afforded youthful offender treatment under the provisions of the statute. If, after the investigation and examination, the court determines that the defendant is not entitled to youthful offender treatment, the judgment of conviction and the sentence imposed stand.”
Acknowledging the fact that a probationary report is not required in every instance of “youthful offender” determination, Clemmons, supra, we cannot accede to the argument of the State, that consideration of such a report by the trial judge, thereafter, obviates any need for further investigation and oral examination of Defendant by the court. Stated simply, while the probationary report is discretionary, the investigation and the oral examination are not.
The scope of such investigation and examination, while discretionary with the trial judge, should at least be reasonable under all the circumstances. While no specific length or depth of analysis is required, both the letter and the spirit of the Youthful Offender Act are defeated, if, as Defendant asserts, given her consent, she was not “examined by the court to determine whether [she] should be tried as a youthful offender.” The Court is of the opinion, however, that the trial court’s exercise of its discretion denying Defendant “youthful offender” status was made in the context of some degree of examination as contemplated by the statute.
FAULKNER, J., concurs.