TAYLOR, Judge.
In this case Cofield seeks to attack the validity of a prior conviction used for enhancement purposes in sentencing him. The trial court reviewed two prior convictions and, in fact, found one of them to be based on a defective indictment. The trial court did not consider the conviction based on the defective indictment in sentencing Cofield. However, it did consider the one based on what it found to be a valid indictment. The sole issue presented for our review in this case is whether a petition for writ of habeas corpus is the proper means of attacking the validity of a prior conviction used for enhancement purposes.
In Jones v. State, 431 So.2d 1367 (Ala.Cr.App.1983), we said at page 1372:
“A plea of guilty is a conviction itself. This is not the proper forum for attacking a prior conviction used during a habitual offender hearing. The proper forum for attacking the validity of a prior conviction would be by a petition for a writ of error coram nobis. See MayOla v. State, 337 So.2d 105 (Ala.Cr.App.1976).
“... We agree that one must be informed of his youthful offender rights if they apply, but, again, they cannot be raised on collateral attack. The proper way to challenge on these grounds would also be by a petition for writ of error coram nobis. See Mayola v. State, supra. Clemmons v. State, 56 Ala.App. 275, 321 So.2d 237 (Ala.Cr.App.1974), aff'd, 294 Ala. 746, 321 So.2d 238 (Ala.1975).”
We conclude that the appropriate way to collaterally attack any infirmity in a prior conviction used for enhancement of punishment is the writ of error coram nobis instead of habeas corpus. Further, a petition for a writ of error coram nobis would have to be filed in the circuit from which the conviction arose — in this case, Madison County. This habeas corpus petition was filed in the Bessemer Division of Jefferson County. We find that in sentencing the appellant Cofield, the trial judge did not err by taking into consideration the prior conviction in question.
Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.