The appellant was convicted of the capital offense of murder during the course of a robbery, § 13A-5-40(a)(2), Code of Alabama (1975). The jury recommended a sentence of life without parole, by unanimous vote, and, at a separate sentencing hearing, the court imposed the sentence.
 Donald Palmer Bailey, the victim, drove his car to a remote area of south Limestone County, with the appellant as a passenger. The appellant killed the victim by stabbing him numerous times with a pair of scissors or a similar instrument. The appellant admitted the acts which led to the victim's death, but raised a theory of self-defense, claiming that he had been the subject of an attempt by the victim to perform a homosexual act upon him.
 I The appellant argues that the trial court's denial of his motion to be treated as a youthful offender was without due consideration and therefore constituted reversible error. Specifically, the appellant argues that the trial court denied his petition for treatment as youthful offender without any examination or investigation. The appellant was 18 years old at the time of the offense.
The record contains the Alabama Board of Pardons and Paroles "Report of Investigation for Youthful Offender Pre-Sentence." The trial court stated during the sentencing hearing, that, "The jury having *Page 334 
made a recommendation, and the pre-sentence investigation report and Youthful Offender Petition Report having been received by the court which was furnished previously to the attorneys which has been read and considered by the court
along with all the other evidence here." The trial court's order denying the appellant's petition for youthful offender status merely states that the petition was denied. There is no other mention in the record of any consideration by the trial court of the appellant's petition for treatment as a youthful offender.
 "A trial court's order denying youthful offender treatment, 'should reflect that some investigation, examination or inquiry was had of the youth before the request was denied.' " Talley v. State, 504 So.2d 741, 742 (Ala.Cr.App. 1987), quoting Shula v. State, 465 So.2d 448, 451 (Ala.Cr.App. 1984), reversed on other grounds, 465 So.2d 452 (Ala. 1985).
 "All that is required of the trial court, assuming the defendant consents, is such investigation and examination of the defendant as is sufficient to enable the judge to make an intelligent determination of whether, in his discretion, the defendant is eligible to be treated as a youthful offender, rather than being tried, and if found guilty, sentenced in the normal criminal process."
Clemmons v. State, 294 Ala. 746, 321 So.2d 238, 241 (1975).
 "The Youthful Offender Act vests in the trial judge almost absolute discretion to grant or deny youthful offender status after making an appropriate investigation. McClendon v. State, 341 So.2d 174 (Ala.Cr.App. 1976); Section 15-19-1, Code of Alabama 1975. This Act does not require a full, formal hearing or an investigation by a probation officer in every case. Clemmons v. State, 294 Ala. 746, 749, 321 So.2d 238 (1975). While we have no indication of why youthful offender status was denied in this case, the trial judge is not required to state his reasons for denying youthful offender status. This court will not overturn that exercise of discretion except where it affirmatively appears that the decision of the trial judge was arbitrary or made without some examination or investigation of the youthful offender. Watkins v. State, 357 So.2d 156
(Ala.Cr.App.), cert. denied, 357 So.2d 161 (Ala. 1978). It is not for this court to overturn the decision of the trial judge in denying youthful offender status simply because we would not have made that same decision."
 Morgan v. State, 363 So.2d 1013, 1015 (Ala.Cr.App. 1978). No error resulted from the trial court's denial of the request for youthful offender treatment. The trial judge's order failed to state that the report was considered; however, the report was contained in the record and the issue was not raised in the trial court. Shula v. State, supra.
 There is no indication in the record that the trial court's decision was arbitrary or an abuse of discretion.
 II The appellant argues that the trial court erred in sustaining the State's objection to the defense counsel's cross-examination of a witness concerning a photograph found in the victim's automobile; that photograph was of a nude male. The appellant specifically argues that because his defense concerns the victim's alleged homosexuality, the photograph was relevant and important to his case. The record indicates that the following transpired during the cross-examination of Bobby Kilpatrick:
 "Q: Did you find any pornographic stuff in there? [In the victim's automobile which the appellant was driving.]
"A: Well, a picture.
"Q: What was the picture of?
"A: A man.
"Q: Where did you find it?
"A: It was in the glove compartment.
 "Q: Did you recognize the man, or is it one that you buy in a store?
"A: No. Somebody took it with a camera.
"Q: Homemade picture?
"A: Yes. *Page 335 
 "Q: It wasn't something you cut out of a magazine?
"A: No.
"Q: And it was a naked man?
"A: Yes.
"Q: How old a man —
 "[Prosecutor]: I'm going to object to this, Your Honor. I don't see the relevancy.
 "[Defense Counsel]: Judge, I think it's relevant to this case. It's cross.
 "THE COURT: I'm going to sustain the objection. I don't know that — at this point in time it's outside the res gestae. There is no showing who put it in there or anything like that."
 The State argues that because the prosecutor did not object until after the evidence concerning the photograph was before the jury, and because the age of the man in the photograph was not relevant, there was no error. Further, the State notes that during the direct examination of the appellant, the appellant testified that he and Bobby Kilpatrick threw away the photograph that Bobby Kilpatrick had previously described at trial.
 The prosecutor made no motion to exclude any of the statements made prior to the question concerning the age of the man in the photograph. "The purpose of a motion to exclude is to remove certain illegal evidence from the consideration of the jury." C. Gamble, McElroy's Alabama Evidence § 428.01 (3d ed. 1977). Therefore, none of the evidence concerning the photograph of the nude man was excluded from the jury's consideration. Only the age of the man in the photograph was objected to as being irrelevant, and the court sustained the objection. The age of the man in the photograph holds no relevance to the appellant's defense. The determination of the relevancy of evidence lies within the sound discretion of the trial judge. C. Gamble, McElroy's Alabama Evidence § 21.01(6) (3d ed. 1977). The trial court did not abuse its discretion.
 III The appellant states that the trial court erred in refusing each of his requested jury charges. No legal authority is cited to support this argument and, therefore, the issue is waived. Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App. 1984).
 IV The appellant contends that the trial court's denial of his motion for new trial was error, because, he says, he offered new evidence to show that the State's "most material witness" had perjured himself. State's witness Ray Case testified that he had not been offered immunity from any prosecution to testify in this case and that no one in Florida had made him such a promise. The appellant, in his motion for new trial, filed a letter from a Florida attorney, with supporting affidavits, indicating that a burglary charge was dismissed against Case on August 22, 1986. The appellant further states that this new evidence was material and entitled him to a new trial.
 "Evidence tending merely to impeach or contradict a State witness as to the testimony given upon the trial is generally not such newly discovered evidence as would warrant the granting of a new trial. O'Pryor v. State, 237 Ala. 13, 13-14, 185 So. 374 (1938). In this case, the impeaching testimony would not tend 'to destroy or obliterate the effect of the evidence upon which the verdict rested.' Reynolds v. City of Birmingham, 29 Ala. App. 505, 507, 198 So. 360, 362 (1940).
 "The finding in McDowell v. State, 238 Ala. 101, 106, 189 So. 183, 186 (1939), applies here: 'Conceding, without deciding, that the movant showed the proper diligence, we cannot say that this newly discovered evidence was such as to impress the trial court, who saw and heard the witnesses, or that this newly discovered evidence would have probably changed the result [of the trial].' See also Nichols v. State, 267 Ala. 217, 228, 100 So.2d 750, 760-61 (1958).
 "There exists a presumption of correctness surrounding a trial's overruling of a motion for new trial. Brooks v. State, 248 Ala. 628, 631, 29 So.2d 4, 7 (1947). *Page 336 
'The court's ruling on granting or denying a new trial is not to be disturbed save for gross abuse.' Nickerson v. State, 283 Ala. 387, 390, 217 So.2d 536, 539 (1969). A motion for new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court and its action will not be disturbed on appeal except where an abuse of discretion is clearly shown. Page v. State, 273 Ala. 5, 5-6, 130 So.2d 227
(1961)."
Dossey v. State, 489 So.2d 662, 666 (Ala.Cr.App. 1986).
AFFIRMED.
All the Judges concur.