PATTERSON, Judge.
Appellant, William Eric Ellington, was convicted after a jury trial of rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975, and was sentenced to 30 years’ imprisonment. He appeals, rasing five issues.
Appellant contends that the trial court committed reversible error by failing to grant his application for youthful offender status in accordance with §§ 15 — 19— 1, et seq. The record shows that appellant filed a pre-trial application seeking youthful offender status on February 28, 1988. The record also shows that the trial court ordered an investigation of appellant, pursuant to § 15-19-2 (part of the Youth Offender Act), and further ordered that a hearing be held on the petition on April 18, 1988. Nothing further appears in the record concerning the matter. The record does not reflect that the investigation was conducted, that the hearing was held, or that the trial court considered and acted upon the application. Appellant’s signed application indicates that he was apprised by his attorney of his right to request youthful offender status by and did that he did so. The application was obviously called to the attention of the trial court, since it ordered an investigation by the parole and probation authorities. However, the record does not reflect that the trial court apprised appellant of his right to request youthful offender status or that it conducted some investigation or examination of appellant as required. Some investigation and examination by the trial judge of the appellant must be conducted before the request for youthful offender treatment can be lawfully denied. Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975); Edwards v. State, 294 Ala. 358, 317 So.2d 512 (1975); Ware v. State, 432 So.2d 555 (Ala.Cr.App.1983). “[0]ur statute requires that the determination to grant or refuse youthful offender treatment be made at a point near the commencement of the criminal action, and before entry of a plea.” Clemmons v. State, 294 Ala. at 749, 321 So.2d at 242. An applicant for youthful offender treatment is entitled to a ruling on his application.
This cause is remanded for the trial court to fully comply with the provisions of the Youthful Offender Act. Appellant should be fully advised by the trial court of his rights under the Youthful Offender Act. He should be investigated and examined at a hearing, and a determination should be made as to whether, in the discretion of the court, appellant should be treated as a youthful offender. If, in its discretion, the court determines that appellant is entitled to youthful offender treatment, the conviction and sentence imposed in this case should be set aside and appellant should be afforded youthful offender treatment under the Act. If, after investigation and examination, the court determines that appellant is not entitled to youthful offender *1367 treatment, the judgment of conviction and the sentence imposed will stand. However, we retain jurisdiction of this cause and, if the trial court denies youthful offender treatment, appellant has the right to renew his appeal, whereupon we will review the decision of the trial court denying youthful offender treatment as well as the points not reviewed on original submission. Due return should be made to this court of the action taken.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
ON RETURN TO REMAND
PATTERSON, Judge.
We remanded this case to the trial court with instructions to take the necessary steps to fully comply with the provisions of the Youthful Offender Act. We directed the court to advise appellant of his rights under the Act, to cause an investigation of appellant to be made, pursuant to the Act, to examine him at a hearing, and to make a determination as to whether appellant should be treated as a youthful offender.
The trial court has complied with our instructions, and made due return to this court. The return discloses that the trial court has given full consideration to appellant’s application for treatment as a youthful offender and has considered all matters related thereto, including the report of the probation officer’s investigation, the juvenile probation officer’s report compiled prior to appellant’s certification as an adult, and the nature of the alleged offense. The return further discloses that, after a full consideration of all relevant matters, the trial court denied the application for youthful offender status. We find the decision of the trial court denying appellant youthful offender status to be proper and supported by the evidence.
Having retained jurisdiction of this case in the event the youthful offender treatment was denied by the trial court, we now review the issues raised by appellant in his appeal from his conviction for rape in the first degree.
Appellant contends that the trial court lacked jurisdiction to try him because he was a juvenile at the time of the commission of the offense. There is no merit in this contention. We note that appellant failed to raise this issue in the lower court; however, the record reflects that appellant was certified to the circuit court to be tried as an adult, after a hearing in juvenile court. This certification was appealed to this court, and we affirmed. Ellington v. State, 512 So.2d 802 (Ala.Cr.App.1987).
We have carefully examined the remaining issues raised by appellant and find no merit in them. We deem further discussion unnecessary. This case is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.