PATTERSON, Judge.
Daniels was indicted and convicted of assault in the first degree, § 13A-6-20(a)(l), Code of Alabama 1975. He was sentenced to 15 years’ imprisonment and was ordered to pay a fine of $2,615.80.
During the sentencing hearing, the trial court stated the following:
“For the purpose of the record, it was brought to the attention of the Court that at the time of this — this is after the trial — that Mr. Daniels was 20 years old, I believe, at the time of this offense. I will say that it was never brought to the Court’s attention, and as far as I can tell, it was never brought to the attention of the lower Court upon their hearing, regarding his age. I will say for the record that because of the nature of this offense that the Court under no circumstances has considered him as an applicant [for youthful offender status] or a youthful offender.”
Upon this finding, Daniels bases his sole issue. He contends that the trial court erred in allowing him to be tried and sentenced as an adult when the record establishes that, because he was 20 years old when the crime occurred, he was eligible to be considered as a youthful offender and, furthermore, that, when this eligibility was discovered after trial, the court erred in refusing him youthful offender status without a fair and complete hearing. In response, the attorney general requested that we remand this cause so the lower court can inform Daniels of his rights under the Youthful Offender Act and hold a proper investigation and hearing.
Being under the age of 21, Daniels was eligible to apply to be considered as a youthful offender. See Ex parte King, 547 So.2d 579 (Ala.1989). Moreover, youthful offender status may not be denied solely upon a consideration of the nature of the crime. Watkins v. State, 357 So.2d 156 (Ala.Cr.App.1977), cert. denied, 357 So.2d 161 (Ala.1978). We agree with both parties that this cause should be remanded and that the trial court is to follow the instructions enumerated in Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975).
REMANDED WITH INSTRUCTIONS.
All Judges concur.