JAMES H. FAULKNER, Retired Justice.
The defendant, Timothy Earl Waldrop, was indicted on two charges of unlawful distribution of a controlled substance, cocaine, in violation of § 13A-12-211, Criminal Code of Alabama. The cases were consolidated for trial. He was tried by a jury, was found guilty, and was sentenced to five years in the penitentiary on each charge. The sentences were to run concurrently.
I
Waldrop applied for and was denied youthful offender status. He alleges error because, he contends, the trial court did not conduct an investigation as required by § 5-19-1, Code of Alabama 1975, before denying him youthful offender status. Waldrop was 20 years old when the crime was committed and when he applied for youthful offender status.
The subject of denial of youthful offender status and the investigation required was ably set out and discussed by Judge Bowen in Watkins v. State, 357 So.2d 156 (Ala.Cr.App.1977), cert. denied, 357 So.2d 161 (Ala.1978).
“The Youthful Offender Act does not require a full, formal hearing or an investigation and examination of the defendant by a probation officer in every case. “ ‘All that is required of the trial court, * * * is such investigation and examination of the defendant as is sufficient to enable the judge to make an intelligent determination of whether, in his discretion, the defendant is eligible to be treated as a youthful offender, rather than being tried, and if found guilty, sentenced in the normal criminal process.’ Clemmons v. State, 294 Ala. 746, 749, 321 So.2d 238, 241 (1975).
“Thus some investigation and examination of the appellant by the trial judge must be conducted before the request for youthful offender treatment can be lawfully denied. Edwards v. State, 294 Ala. 358, 317 So.2d 512 (1975). This examination need not be lengthy or formal and need not proceed under any prescribed form.
“ ‘The court would naturally consider such matters as the nature of the crime charged, prior convictions, or absence thereof — all of which can be ascertained without a lengthy, time consuming investigation by the probation officer.’ Clemmons, supra, 294 Ala. 749, 321 So.2d 241.
“A trial judge may not deny a request for youthful offender treatment without some examination or investigation of the defendant; he may not deny that status solely and only upon a consideration of the nature of the crime charged. While a trial judge may deny youthful offender status because of the nature of the particular crime committed, he may not reach his decision without a consideration of other factors, namely prior convictions and the age of the defendant. To deny a request after only a consideration of the crime charged is arbitrary for it removes all elements of discretion from the trial judge. The Youthful Offender Act applies equally to all crimes from petit larceny to murder in the first degree.
“While an order denying a request for Youthful Offender treatment need not list or enumerate all the factors considered by the trial judge, it should reflect that some investigation, examination, or inquiry was had of the defendant before the request was denied.”
The record in this case shows that a request for youthful offender status was entered on September 6, 1989, and was referred to the probation office for an investigation. There is an entry on October 20, 1989, in the case action summary stating:
“Youthful Offender application is denied after investigation. Set this case for trial before Judge McCormick on November 13, 1989, at 9:00 o’clock.”
*1052 Whether the probation office investigated and made a report does not appear in the transcript. The following is a colloquy between the trial court and defense counsel:
“THE COURT: There is not a report in the file and I don’t recall ever seeing one. The only thing the Case Action Summary Sheet shows [is] an application on the 25th of October — excuse me, 6th of September and it was referred to the probation office. The hearing was set on the 20th of October, now whether the probation office ever actually did a report or not, I don’t know. I don’t know why they didn’t or wouldn’t, based on that order.
“MR. WAITES: He was incarcerated, Judge.
“THE COURT: Well I ordered one. I don’t know if we ever got one or not. You may want to check with them and see if there’s ever been one done. I don’t have any problems with that.
“MR. WAITES: I’ve already done that. I’m trying to correct your court record as far as this record, the man is taking down here, as far as that court file is concerned, the Court has made the remark that twice there was a report done and that is all I’m trying to correct.
“THE COURT: No, I didn’t say that with any certainty, I made a comment in regard to a pre-sentence report there may have been a report already, that is all I meant, not to indicate I actually have seen one. I may or may not have. I see a lot of cases.
“MR. WAITES: I understand. All I wanted to do and I’m trying to ask you how to—
“THE COURT: The best thing is to call the probation office and see if they have done one.
“MR. WAITES: Okay, I have done that. Do you want one of your court personnel to do that, I’ve already done that and talked with Dawn Austin and she said no report was done.
“THE COURT: We will call and see. Call Dawn and see if there was a report done in this cause or we can clear that up at the sentencing hearing.
“MR. WAITES: It doesn’t matter.
“THE COURT: When they did a report I assume they will — if there was a report done they will attach it to whatever pre-sentence report I will get.
“MR. WAITES: As long as — I had forgotten I want to make sure—
“THE COURT: If they have got one, it should come up with the pre-sentence report. If they don’t, then they don’t. All right, Mr. Waldrop, you are in custody, sir.”
II
The second issue presented on appeal involves alleged error in the admission of evidence on redirect examination of a State’s witness regarding the witness’s identification of Waldrop from a two-photograph line-up. Allowing the redirect examination was within the discretion of the trial court.
The party who calls a witness generally must elicit on direct examination all that he wishes to prove by that witness. It is within the discretion of the trial court to allow on redirect examination matters which may have been properly brought out on direct examination. Willis v. State, 449 So.2d 1258 (Ala.Crim.App.1984), C. Gamble McElroy’s Alabama Evidence, § 449.01 (3d ed.). Thus, the trial court did not err in admitting the evidence on redirect examination.
This case is remanded to the trial court with instructions to conduct a hearing to investigate and examine Waldrop to determine whether, in the court’s discretion, Waldrop should be tried as a youthful offender. If the probation office did in fact make an investigation, the trial court may use that investigation and report without the necessity of making another investigation.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.